THEODORE MANUEL HATTEN AND DONALD COOK, APPELLANTS, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 5340

December 22, 1967 435 P.2d 495

*George G. Holden,* of Reno, for Appellants.

*Harvey Dickerson,* Attorney General, and *Merlyn H. Hoyt,* District Attorney, White Pine County, for Respondent.

**OPINION**

By the Court, MOWBRAY, J.:

On October 13, 1966, the appellants were drinking in the Silver Dollar Bar in Ely.

As the evening wore on, they decided to rob the barmaid, Mrs. Sophie Zamora.

In the course of the robbery the appellants seized approximately $75 and assaulted Mrs. Zamora and an older patron, Mr. Tony Saldena, using their fists, a sharp "knife-like" instrument and sacks filled with sand. After the robbery the appellants fled the state and were apprehended on October 18 in South Dakota. Both victims, Mrs. Zamora and Mr. Saldena, were immediately hospitalized as the result of their beatings.

The appellants were extradited to the State of Nevada to face the charge of robbery. Both were convicted by a jury and sentenced by the trial judge to serve not less than 5 years nor more than 15 years in the State Penitentiary. They now appeal and assert the following specifications of error:

1. That they were denied representation during their trial.

2. That their plea of not guilty placed upon the state the burden of showing they had the mental capacity to commit the crime charged.

3. That there was insufficient evidence presented during their trial to support the verdict of the jury.

4. That they were denied a fair trial.

5. That it was error to deny their motion for a new trial.

For the reasons hereinafter stated, we find that the specifications of error are entirely without merit and that the appellants' convictions must be affirmed.

1. On December 1, 1966, the appellants petitioned the district court to appoint counsel to represent them during their preliminary hearing. After a hearing before the district judge, Harry M. Watson, Esq., was appointed by the district court and represented the defendants throughout their preliminary hearing. At the conclusion of the hearing, they were bound over to the district court to stand trial on the charge of robbery. The day following their preliminary hearing the appellants requested the district judge to relieve Mr. Watson and appoint new counsel, as they asserted they were not completely satisfied with their present court-appointed counsel. The district judge, upon appellants' request, conducted another hearing and in accordance with appellants' request relieved Mr. Watson and appointed Gregory J. Chachas, Esq., to represent the defendants. The day prior to trial appellants once again requested the district judge to relieve Mr. Chachas, as they wished to represent themselves during the trial. Again the district judge conducted a hearing at appellants' request and at the conclusion of the hearing granted appellants' request that they be permitted to act as their own counsel as provided in the Nevada State Constitution[1].

---

[1]"Article 1, Section 8. Rights of accused in criminal prosecutions; jeopardy; due process of law; eminent domain. No person shall be tried for a capital or other infamous crime (except in cases of impeachment, and in cases of the militia when in actual service and the land and naval forces in time of war, or which this state may keep, with the consent of congress, in time of peace, and in cases of petit larceny, under the regulation of the legislature) except on presentment or indictment of the grand jury, or upon information duly filed by a district attorney, or attorney-general of the state, and in any trial, in any court whatever, the party accused shall be allowed to appear and defend in person, and with counsel, as in civil actions. No person shall be subject to be twice put in jeopardy for the same offense; nor shall he be compelled, in any criminal case, to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use without just compensation having been first made, or secured, except in cases of war, riot, fire, or great public peril, in which case compensation shall be afterward made."

NRS 169.160. "Rights of defendant. In a criminal action the defendant is entitled:

"* * *.

"2. To be allowed counsel, as in civil actions, or he may appear and defend in person or with counsel."

However, the district judge directed Mr. Chachas to remain throughout the trial and to assist the appellants if so permitted by them, which Mr. Chachas did. His representation continued through the hearings on the post-conviction motions.

We commend the action of the district judge, for while the appellants had a clear right to represent themselves, unless some unusual circumstances appeared, i.e., incompetence, coerced waiver, the assistance of counsel was ever present throughout the trial and during the post-conviction hearings. See Hollander v. State, 82 Nev. 345, 418 P.2d 802.

2. Appellants next contend that their plea of not guilty placed upon the state the burden of establishing their mental capacity to commit the crime charged. This contention is wholly without merit, as the defense of insanity is an affirmative one, resting with the defense. See State v. Lewis, 20 Nev. 333, 22 P. 241 (1889); Kuk v. State, 80 Nev. 291, 392 P.2d 630 (1964).

3. Appellants assert that there was insufficient evidence adduced during the trial to establish their guilt. They urge primarily that the evidence fails to disclose that the taking of the money was against the victim's will and by means of force or violence or fear of injury to the victim or of anyone in the victim's company during the robbery.

This contention, too, is without merit. The record reveals that the appellants not only took the money by threats of injury to the victim but that the appellants proceeded to beat the victim and Mr. Saldena, who was present, to the extent that they were hospitalized. Additional comment is unnecessary, for this element of the charge, as well as the others, was well established by the evidence presented during the trial.

4. Appellants argue that they were denied a fair trial and that a match book upon which Mrs. Zamora had expressed in writing her fear of the appellants was received in evidence over the objection of the appellants. There was no error in receiving the match book, which corroborated Mrs. Zamora's testimony that she was fearful of the appellants, as later events proved she had every right to be so.

5. Appellants urged that it was error to deny their motion for a new trial. The grounds for a new trial are set forth in NRS 175.535[2]. The appellants urge as grounds for their motion for a new trial that a certain news article appearing in the local press on February 28, entitled "ACCUSED MEN FILE MOTION FOR NEW TRIAL," prejudiced the jury. The article covers appellants' request to discharge their attorney. In the article, the following appears:

"In response to a question from District Attorney Merlyn Hoyt, Sheriff Robison said he had not, to his knowledge, seen any signs of a withdrawal by Cook from narcotics or alcoholism, and his only medication is for 'ulcers' prescribed by local doctors."

It is difficult to fathom how such an article could affect

---

[2]NRS 175.535 "Grounds for new trial; modification of judgment without granting new trial; affidavits supporting motion on ground of newly discovered evidence. The court in which a trial is had upon the issue of fact, has power to grant a new trial where a verdict has been rendered against the defendant upon his application, in the following cases only:

"1. When the trial has been had in his absence, if the indictment be for a felony.

"2. When the jury has received any evidence out of court other than that resulting from a view, as provided in NRS 175.315.

"3. When the jury has separated without leave of the court, after retiring to deliberate upon their verdict, or have been guilty of any misconduct tending to prevent a fair and due consideration of the case.

"4. When the verdict has been decided by lot, or by any means other than a fair expression of opinion on the part of all of the jurors.

"5. When the court has misdirected the jury in a matter of law, or has erred in the decision of any question of law arising during the course of the trial.

"6. When the verdict is contrary to law or evidence, but if the evidence shows the defendant to be not guilty of the degree of the crime of which he was convicted, but guilty of a lesser crime included therein, the court may modify the judgment accordingly without granting or ordering a new trial, and this power shall extend to any court to which the cause may be appealed.

"7. When new evidence shall have been discovered material to the defendant and which he could not, with reasonable diligence, have discovered and procured at the trial. When a motion for a new trial is made upon the grounds of newly discovered evidence, the defendant must produce at the hearing, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and, if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as, under all the circumstances of the case, may seem reasonable."

defendants' rights, and certainly it is not one of the grounds for granting a new trial as set forth in NRS 175.535.

Appellants' counsel was appointed to prosecute this appeal. We direct the lower court to give him the certificate specified in subsection 3 of NRS 7.260 to enable him to receive compensation for his services on appeal.

Affirmed.

THOMPSON, C. J., COLLINS, J., ZENOFF, J., and BATJER, J., concur.