WILLIAM D. GEDDES, Appellant, v.
STATE OF NEVADA, Respondent.

No. 7424

October 10, 1974                    526 P.2d 1180

*Horace Rodlin Goff,* State Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *Michael Fondi,* District Attorney, and *Kenneth J. Jordan,* Deputy District Attorney, Carson City, for Respondent.

## OPINION

*Per Curiam:*

In Count II of the Information against him, appellant was accused of offending NRS 453.401(3) by inducing a minor to violate provisions of the Uniform Controlled Substances Act. The sole issue duly raised on appeal is whether the trial court erred in refusing to instruct the jury that if the minor was found to be an accomplice, corroboration of the minor's testimony was essential.[1]

---

[1] The statute on which this contention is based declares:

*"175.291 Testimony of accomplice must be corroborated; sufficiency of corroboration; accomplice defined.*

"1. A conviction shall not be had on the testimony of an accomplice unless he is corroborated by other evidence which in itself, and

In our view, NRS 453.401(3) is intended to protect minors who might be induced to violate other statutory provisions, and not itself to impose sanctions upon them. Even in proceedings instituted under NRS Chapter 62, which relates to juvenile offenders, a minor could not, we think, be charged with having induced himself to violate the Uniform Controlled Substances Act. Thus, as to a charge of violating NRS 453.401(3), we believe the minor concerned was not one liable to prosecution "for the identical offense charged against the defendant," NRS 175.291(2), and as to that particular charge thus lacked the status of "accomplice." Cf. State v. Fredrico, 449 P.2d 936 (Ariz. 1969); State v. Valenzuela, 418 P.2d 386 (Ariz. 1966).

Affirmed.

without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration shall not be sufficient if it merely shows the commission of the offense or the circumstances thereof.

"2.  An accomplice is hereby defined as one who is liable to prosecution, for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given."

During oral argument before this court, appellant's counsel belatedly endeavored to raise questions concerning NRS 175.291, in regard to appellant's conviction under Count I of the information against him. However, it appears to us that appellant's Opening Brief had conceded:

"The petitioner has and does admit the charges contained in Count One of the Information, but denies that he induced a minor to violate Chapter 453 of the Nevada Revised Statutes, and it is for that reason he pleaded not guilty."