THE STATE OF NEVADA, Appellant, *v.* VICTOR
ROWLAND HAVAS, Respondent.

No. 8309

September 30, 1975                    540 P.2d 1060

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Appellant.

*Jeffrey D. Sobel,* Las Vegas, for Respondent.

## OPINION

By the Court, Mowbray, J.:

Victor Rowland Havas, the respondent, was charged with rape. After a preliminary hearing, he was held to answer the charge in the district court. Thereafter, he petitioned that court for a writ of habeas corpus, which was granted. The State has appealed from the order granting the writ. The sole issue presented for our consideration is whether the record taken before the magistrate establishes "probable cause to believe that an offense [rape] has been committed and that the defendant has committed it." NRS 171.206. State v. Fuchs, 78 Nev. 63, 368 P.2d 869 (1962); Ervin v. Leypoldt, 76 Nev. 297,

352 P.2d 718 (1960); Raggio v. Bryan, 76 Nev. 1, 348 P.2d 156 (1960); Ex parte Liotard, 47 Nev. 169, 217 P. 960 (1923); In re Kelly, 28 Nev. 491, 83 P. 223 (1905).

After reading the transcript of the proceedings before the magistrate who saw and heard the witness, we conclude, as did the magistrate, that the record shows there was sufficient legal evidence presented at the preliminary hearing establishing probable cause to believe that a public offense, rape, had been committed and that the defendant had committed it. We, therefore, reverse the order of the district judge granting habeas, and we order the defendant to answer in the district court.

BATJER and ZENOFF, JJ., concur.

GUNDERSON, C. J., concurring:

I can agree with the majority that, drawing all possible inferences in favor of the State, and rationalizing inconsistencies between the asserted victim's story and other evidence, it is possible to find "probable cause" in the sense this court heretofore has recognized.

Weak as the case against respondent may be, still I have concluded one cannot declare the magistrate's determination erroneous, absent a redefinition of "probable cause."

THOMPSON, J., dissenting:

The State appeals from an order of the district court granting a petition for a writ of habeas corpus presented by Victor Havas. Havas was charged with having committed the crime of forcible rape (NRS 200.363). Following a preliminary examination, he was ordered to stand trial in the district court. The instant proceeding for habeas relief then was filed, and the district court released Havas from custody since, in its view, no evidence of force was introduced to sustain the charge.

Force is a necessary ingredient of the offense of forcible rape, State v. Lung, 21 Nev. 209, 28 P. 235 (1891). I find nothing in the record before us to suggest that the accused used force to cause the complainant to submit to sexual intercourse. I would affirm the district court's order granting habeas relief.