GEORGE LAVERN ALLAN, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 7818

October 23, 1975                    541 P.2d 656

---

*Larry C. Johns, Johns & Johns,* Las Vegas, for Appellant.

*Robert List,* Attorney General, and *George Holt,* District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant stands convicted of an infamous crime against nature, committed through oral copulation with a 14-year-old boy. See: NRS 201.190. Appellant here contends the trial

court erred: (1) in allowing him to conduct his own defense; (2) in holding he could be convicted on the testimony of the boy alone, without corroboration; (3) in holding the "infamous crime" statute constitutional; and (4) in sentencing appellant under NRS 201.190(1)(a) rather than NRS 201.190(1)(b). We reject all contentions raised.

1.   Appellant wished to conduct his own defense. In fact, he refused to go forward with any member of the public defender's office as counsel, or to cooperate with members of that office in any manner. The judge canvassed appellant concerning his educational background and knowledge of the charge against him. He explained appellant's right to cross-examine witnesses, his privilege against self-incrimination, and the availability of compulsory process to bring witnesses before the court. The public defender remained throughout the trial to assist in any manner requested. Before the second day of trial appellant was given another opportunity for representation by the public defender's office and again he refused. Prior to trial, two psychiatrists examined appellant. Based on their reports and testimony, the district court determined appellant competent to stand trial, to aid in the defense with his attorney and to make any waivers that might be necessary. Under the circumstances, we cannot hold the court erred in finding appellant capable of a voluntary and intelligent waiver of his right to counsel. Cf. Hatten v. State, 83 Nev. 531, 435 P.2d 495 (1967); cf. Faretta v. California, 422 U.S. 806 (1975).

2.   Appellant next argues that the complainant, a 14-year-old boy, is an accomplice and that therefore evidence corroborative of his testimony was necessary.[1] NRS 201.190(1) speaks to "every person of full age who commits the infamous

---

[1]175.291 Testimony of accomplice must be corroborated; sufficiency of corroboration; accomplice defined.
1.   A conviction shall not be had on the testimony of an accomplice unless he is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration shall not be sufficient if it merely shows the commission of the offense or the circumstances thereof.
2.   An accomplice is hereby defined as one who is liable to prosecution, for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given.

crime against nature."[2] We have previously defined "full age" to mean 18 years. Basurto v. State, 86 Nev. 567, 472 P.2d 339 (1970). NRS 201.190(1) is designed to protect, and not prosecute a 14-year-old. The complainant was not liable to prosecution for the identical offense and as such was not an accomplice. NRS 175.291(2); Geddes v. State, 90 Nev. 367, 526 P.2d 1180 (1974).

3. Appellant contends NRS 201.190 is unconstitutionally void for vagueness and also unconstitutional as applied to the facts of this case. The vagueness contention has been considered and rejected in the past, and we here see no reason to review this issue. Jones v. State, 85 Nev. 411, 456 P.2d 429 (1969). Concerning the statute's application to this case, appellant argues the statute is unconstitutional when applied to "consenting adults." This contention, which other courts have upheld, certainly has force and will be duly considered in a proper case. See, for example: State v. Elliott, 539 P.2d 207 (N.M.App. 1975). However, a 14-year-old boy is not an adult for the purposes of NRS 201.190. Basurto v. State, cited above. We have previously upheld the statute's constitutionality in nonconsensual cases. Jones v. State, cited above. That holding is no less applicable where the victim, because of his tender age, is incapable of effective consent.

4. Finally, appellant contends he should have been sentenced pursuant to NRS 201.190(1)(b) rather than NRS 201.190(1)(a).The statutory mandate is clear. NRS 201.-190(1)(a) provides the penalty if the "offense is committed upon the person of one who is under the age of 18 years." Here, the victim was 14 years old; appellant was properly sentenced.

Affirmed.

[2]201.190 Crime against nature: Punishment; limitations on parole, probation.

1. Except as provided in subsection 2, every person of full age who commits the infamous crime against nature shall be punished:

(a) Where physical force or the immediate threat of such force is used by the defendant to compel another person to participate in such offense, or where such offense is committed upon the person of one who is under the age of 18 years, by imprisonment in the state prison for life with possibility of parole, eligibility for which begins, unless further restricted by subsection 3, when a minimum of 5 years has been served.

(b) Otherwise, by imprisonment in the state prison for not less than 1 year nor more than 6 years.