DELMAR DINKENS, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 7827

January 28, 1976                    546 P.2d 228

*Harry E. Claiborne, James J. Brown,* and *Annette R. Quintana,* of Las Vegas, for Appellant.

*Robert List,* Attorney General, *George E. Holt,* District Attorney, *H. Leon Simon,* Chief Deputy District Attorney, and *Elliott Sattler,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Early in the evening of August 10, 1973, a young teenage girl was walking home from a youth recreation center in Las Vegas where she had spent the previous two or three hours. At that time, she was considering whether to visit a classmate friend who worked at a concession stand at a public park several miles distant. Observing a small boy riding as a passenger in an approaching pickup truck, she thought the situation afforded her the opportunity to obtain safe transportation to the park and decided to make the visit. Delmar Dinkens, driver of the vehicle, observed the girl, noted her outstretched thumb, pulled the truck to the side of the road and offered her a ride. She accepted.

Once in the vehicle the trio drove to a motel where Dinkens ordered the boy out of the truck and told him to wait for his father. Out of earshot of the girl, Dinkens informed the boy that he was going to "get that girl." Alone with the girl, Dinkens drove in the general direction of her stated destination, Paradise Park. Engaging her in a conversation, he learned that she was nearly fourteen years old. Dinkens mentioned to the girl that he had difficulty hearing her and suggested that she sit closer to him to remedy that problem. Becoming inwardly apprehensive, she refused. Thereafter, it soon became apparent that Dinkens was not heading towards the park and the girl reached for the door handle in an attempt to escape. Dinkens grabbed her and pulled her to him. She cried, "Please don't kill me," to which he replied, "I'm just going to play with you for a little while."

Dinkens parked his vehicle off the road and commenced to fondle his victim. Abruptly, she was ordered to disrobe and was forced to assume a prone position on the seat of the car. Dinkens thereupon engaged her in the act of sexual intercourse. Various attempts to penetrate her rectum in a similar manner proved futile. During the course of the assault, Dinkens demanded that the girl give him "a little head" and he thrust his penis towards her mouth. The girl resisted and, distracted by an approaching car, he temporarily abandoned that endeavor. After the car passed, Dinkens directed his

vehicle to a more remote area where he engaged the victim once again in the act of sexual intercourse. Afterwards he apologized, told the girl to dress and ultimately released her in the vicinity of the park which had been her destination from the outset.

At Paradise Park she found that her friend had departed but was able to obtain a ride home from the mother of another girl. Frightened and nervous, she did not reveal her encounter with the strange man to her father but confided in her older sister. After her mother returned home from Indiana nine days later, the incident was reported to her and subsequently to the police. The arrest and prosecution of Dinkens followed.

For no explained or understandable reason the district attorney charged Dinkens with forcible rape, not statutory rape. NRS 200.365. The first, of course, requires a showing of forcible entry but a charge of statutory rape would have obviated any concern over the claim of Dinkens that the young girl consented to his sex acts. Dinkens was also charged in two counts with the infamous crime against nature and attempt to commit said crime for his efforts to engage in anal intercourse and to place his penis in the girl's mouth.

A jury verdict of not guilty was returned on the charge of anal intercourse and verdicts of guilty were returned on the charges of rape and attempted oral copulation. Thereafter, Dinkens was sentenced to serve two concurrent 20-year terms in the Nevada State Prison.

1. The principal issue raised by Dinkens on review is that the girl consented in the absence of fear of force or violence to the acts he committed upon her. His argument focuses on the evidence presented at trial as it relates to the element of force. He claims that the evidence is insufficient to support a conviction for forcible rape.

"Forcible rape" is defined in NRS 200.363 as "carnal knowledge of a female against her will." The statute does not require a showing that the defendant employed force to achieve his objective but only that the act was committed against the will of the victim. Physical force is not a necessary ingredient in the commission of the crime of rape. The crucial question is not whether the victim was "physically forced" to engage in sexual intercourse but whether the act was committed without her consent. There is no consent where the victim is induced to submit to the sexual act through fear of death or serious bodily injury. State v. Denton, 420

P.2d 930 (Ariz. 1966); State v. Thomas, 510 P.2d 1137 (Wash.App. 1973).

Under the circumstances shown in this case, it is apparent that the girl submitted because of fear. The requirements of force and fear are of a different and less degree for a child than a person of more mature years.

Here, the girl related that a few months prior to her encounter with Dinkens, a uniformed officer had told her that if she was approached by a person driving a red car she should submit to any demands he made of her. If she refused, she would be killed. That admonition was recalled when the girl realized that Dinkens was not driving towards her intended destination and was responsible for the plea for her life emitted at the instant Dinkens grabbed her and pulled her to him foiling her attempt to escape.

The young victim testified that she was forced to assume a lying position and was forced to maintain that position until the sexual act was completed. The fact that the record suggests that Dinkens employed no violence or express threats to obtain the girl's submission does not preclude a finding of forcible rape. The fact that force was exerted (albeit no injury resulted therefrom) in combination with the girl's age and the fact that she expressed fear for her life at the instant Dinkens touched her sufficiently support the finding of the jury that the sexual act was committed "against her will." NRS 200.-363. A rape victim is not required to do more than her age, strength, surrounding facts and all attending circumstances make it reasonable for her to do in order to manifest her opposition. Haury v. State, 533 P.2d 991 (Okl.Cr. 1975). See State v. Hannon, 451 P.2d 602 (Ariz. 1969).

2. After engaging his victim in the act of sexual intercourse, appellant thrust his penis to within inches of her mouth and demanded that she give him "a little head." The girl resisted and covered her mouth with her hand but Dinkens persisted in this endeavor until informed of an approaching car. Based on these facts, it is argued, a conviction for attempted infamous crime against nature cannot stand. We are not persuaded. The jury was presented with sufficient evidence to support a finding that Dinkens committed each element necessary to constitute an attempted infamous crime

against nature. See Johnson v. Sheriff, 91 Nev. 161, 532 P.2d 1037 (1975); Moulton v. State, 476 P.2d 366 (Okl.Cr. 1970).

3. The claim that the state must show that the victim acted as an objectively reasonable woman in submitting to appellant's sexual assault is not convincing. So long as the evidence establishes that the victim was induced to submit to the sexual acts by actual fear, whether a "reasonable" woman under such circumstances would have experienced the same fear is not a determination that courts and juries have to make. See Most v. State, 386 S.W.2d 537 (Tex.Cr.App. 1965); Hazel v. State, 157 A.2d 922 (Md. 1960). Hence, appellant's request that the jury be instructed that submission by the prosecutrix to appellant's sexual assault must have been induced by a "reasonable" fear was properly refused.

4. We have already denied the contention that NRS 201.190, proscribing the infamous crime against nature, is unconstitutionally vague. Hogan v. State, 84 Nev. 372, 441 P.2d 620 (1968); Allan v. State, 91 Nev. 650, 541 P.2d 656 (1975). Appellant's claim that fellatio does not constitute a crime against nature is similarly rejected. Jones v. State, 85 Nev. 411, 456 P.2d 429 (1969); Allan v. State, supra; see Rose v. Locke, ...... U.S. ...... (1975) (44 U.S. Law Week 3301).

Nor do we deem the circumstances of this case appropriate to merit a discussion of whether NRS 201.190 constitutionally applies to married couples or consenting adults. Here, appellant attempted to perpetrate the prohibited act on a non-spouse child who did not willingly consent. Thus applied, there is little doubt as to the constitutionality of the statute. See Canfield v. State, 506 P.2d 987, appeal dismissed, 414 U.S. 991, rehearing denied, 414 U.S. 1138 (Okl.Cr. 1973).

We have reviewed other assignments of error and find them to be without merit.

Affirmed.

GUNDERSON, C. J., and BATJER, MOWBRAY, and THOMPSON, JJ., concur.