## MICHAEL ARIDIOUS FITZPATRICK, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 8798

January 19, 1977                    558 P.2d 630

*Morgan D. Harris,* Clark County Public Defender, and *Michael A. Cherry,* Deputy Public Defender, Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Michael Aridious Fitzpatrick was charged with forcible rape and also extorting $1,000 from the rape victim. He was convicted on both counts. He contends principally on appeal that although he denies having had intercourse with the prosecutrix, the circumstances she outlined did not constitute forcible rape assuming the act occurred.

The prosecutrix testified that she submitted to Fitzpatrick because of his representations that her fiance would be killed unless she met Fitzpatrick's three wishes, to wit, (1) that she give him $1,000 in pennies, (2) she give him ten pounds of

salt, and (3) that she give him "you," in other words, availability of her body.

Fitzpatrick met the victim's fiance, Allen London, while both were confined in the Clark County jail. Evidently they exchanged confidences. When Fitzpatrick was released from custody he made contact with the prosecutrix and told her that he was sent to Las Vegas from Florida by the "organization" to decide what to do about Allen London. He told her that it was his decision to let London die unless she give him $1,000 in pennies, ten pounds of salt and "you." Apparently believing him and unable to verify his story because London was still in jail, she went from place to place with Fitzpatrick gathering money. He continuously repeated the warnings that he would let London die. Eventually at his insistence they went to a motel room. She had given him whatever money she could gather. He compelled her to take her clothes off, poured salt over her and committed the act of intercourse. It is significant that she exhibited reluctance even while believing his story and that he used force to compel her to submit.

It is apparent that the jury believed her testimony that Fitzpatrick was capable of taking London's life and that certain force was also exerted upon her. While she could have left him at any time, her fear was real. Under the circumstances, it was reasonable for the jury to accept her belief that Fitzpatrick could carry out his threat and that her resistance was lessened because of it. Even State v. Lung, 21 Nev. 209, 28 P. 235 (1891), recognizes that the force used in rape can be constructive and in this instance we accept the doctrine that threats to a third person can induce the victim's submission. Crenshaw v. State, 283 A.2d 423 (Md. 1971). The jury viewed the evidence as ample to support the verdict of forcible rape and we do not disagree. Dinkens v. State, 92 Nev. 74, 546 P.2d 228 (1976).

Fitzpatrick does not deny the extortion. He contends instead that trial errors occurred which prejudicially affected the verdict. No prejudice took place.

Affirmed.

BATJER, C. J., and MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.