## JAMES JONES, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

### No. 9786

June 15, 1977          565 P.2d 325

*Harry M. Reid,* and *Manos & Cherry,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Gerald W. Hardcastle,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a preliminary examination James Jones was ordered to stand trial for (1) rape (NRS 200.363) committed with the use of a deadly weapon (NRS 193.165); and, (2) the infamous crime against nature (NRS 201.190), which was also committed with the use of a deadly weapon (NRS 193.165).

A pretrial petition for a writ of habeas corpus contended the prosecutor failed to meet the burden, imposed by NRS 171.-206, of producing sufficient evidence to establish probable cause that Jones had committed the charged offenses. The district judge considered and denied the habeas petition.

Jones has appealed, arguing that the charges cannot stand because, according to the record, there is no showing that he used force to compel the prosecuting witness to engage in the sex acts. Jones's claim is patently frivolous. Burks v. State, 92 Nev. 670, 557 P.2d 711 (1976).

On August 18, 1976, the prosecuting witness voluntarily accompanied Jones to his apartment for the limited purpose of sharing a "joint" of marijuana. During the time the smoking was in progress Jones excused himself and went to his bedroom. Shortly thereafter he called to the prosecutrix that he wanted to show her something. When she entered the bedroom Jones met her at the door and placed a gun against her head. He demanded that she perform both oral and vaginal intercourse. Jones continued to hold the gun against her head while she performed those acts. When she was permitted to leave the apartment she notified the authorities, who arrested Jones and initiated this prosecution.

In our view, using a gun in such manner equates to the use of force. *See* Dinkens v. State, 92 Nev. 74, 546 P.2d 228 (1976). *Cf.* Fitzpatrick v. State, 93 Nev. 21, 558 P.2d 630 (1977), and the cases cited in State v. Havas, 91 Nev. 611, 540 P.2d 1060 (1975). Accordingly, we affirm.