THE STATE OF NEVADA, APPELLANT, *v.* VICTOR ROWLAND HAVAS, RESPONDENT.

No. 10357

October 29, 1979                  601 P.2d 1197

*Richard H. Bryan,* Attorney General, Carson City, and

---

*Michael A. Cherry,* Special Prosecutor, Clark County, for Appellant.

*Louis Wiener, Jr.,* Las Vegas, for Respondent.

## OPINION

By the Court, BREEN, D. J.:[1]

The trial court dismissed charges of forcible rape against Havas upon the ground that the prosecution had failed to preserve exculpatory evidence. This case has been before this court twice on other matters. *See* State v. Havas, 91 Nev. 611, 540 P.2d 1060 (1975) and State v. Havas, No. 9321, Order Dismissing Appeal, filed December 30, 1976.

The record discloses that the pants and undergarments of the alleged victim were not produced by the prosecution for inspection when requested by the defense. No explanation was made for the unavailability of the garments nor was there a contention made that they were intentionally destroyed by the prosecutor. The garments were either lost, destroyed or simply not taken into possession during the investigation of this case.

The issue presented to us is whether the evidence not preserved was material and exculpatory. If so, the failure to preserve the evidence violates due process without the necessity of showing the reasons for its unavailability. The burden of showing materiality and exculpatory nature of the evidence rests on

---

[1]MR. CHIEF JUSTICE JOHN MOWBRAY voluntarily disqualified himself and took no part in this decision. The Governor, pursuant to Art. VI, § 4 of the Constitution, designated Judge Peter I. Breen of the Second Judicial District to sit in his stead.

the defense. Hale v. State, 230 N.E.2d 432 (Ind. 1967); State v. Hornbeak, 559 P.2d 385 (Kan. 1977); State v. Craig, 545 P.2d 649 (Mont. 1976).

In Wallace v. State, 88 Nev. 549, 501 P.2d 1036 (1972), we reversed a conviction when the prosecution intentionally failed to disclose a psychiatrist's report. There we followed Brady v. Maryland, 373 U.S. 83, 87 (1963), in holding that when the prosecution withholds exculpatory evidence, due process is violated regardless of the motive of the prosecutor.

Respondent contends that he would have used the garments to show lack of force. The garments, says respondent, must have been torn to have been removed in the manner claimed by the victim. The position of the prosecution is that since a showing of physical force is not necessary to complete the act of forcible rape (Dinkens v. State, 92 Nev. 74, 77, 546 P.2d 228, 230 (1976)), but only that the act was committed against the victim's will, the garments are not material. Furthermore, claims the prosecutor, the victim has already testified that the clothing was not torn and, therefore, its presence would' be cumulative.

The crime of rape is rarely perpetrated in the presence of witnesses other than the defendant and the victim and great reliance must be placed on the testimony of the victim, and, if given, the defendant. Thus, the presence or absence of other evidence which would support or refute the testimony of the involved parties has the potential for great significance.

See for example, Davis v. Pitchess, 388 F.Supp. 105 (C.D.Cal. 1974), where the court held the presence of vaginal smears on the victim's underpants to be highly relevant to the guilt or innocence of the defendant. And see State v. Wright, 557 P.2d 1 (Wash. 1976), which determined that the preservation of clothing of a murder victim was immediately related to the very existence of the alleged homicide. The court therein reversed a conviction on the ground that there was a reasonable possibility that the destroyed evidence was material to the guilt or innocence of the defendant.

On these facts, we believe a rape victim's underpants are so related to the commission of the crime and that their preservation has such potential relevance to the guilt or innocence of an accused that a further showing is unnecessary. *See* United States v. Bryant, 439 F.2d 642 (D.C.Cir. 1971). The prosecution should have acquired and preserved the underpants in question.

This does not place an undue burden on the prosecution for preservation of this type of evidence. In an appropriate case, where the prosecutor seeks to dispose of such evidence, the trial court can be petitioned, with notice to the defense, to determine a course of action consistent with the interests of the parties.

The judgment appealed from is affirmed.

THOMPSON and MANOUKIAN, JJ., concur.

GUNDERSON, J., concurring:

I concur in the result, but desire to add a comment.

When this case first came before us, in regard to a pretrial habeas application, there was serious doubt whether the State had presented any evidence at all, justifying a prosecution for forcible rape. *See* State v. Havas, 91 Nev. 611, 540 P.2d 1060 (1975). Indeed, on this issue, members of the court were divided in opinion, although our established practice has been extremely liberal in upholding determinations of probable cause, whether made by magistrates or by grand juries. *See, for example* Franklin v. State, 89 Nev. 382, 513 P.2d 1252 (1973).

It should be noted, therefore, that the factual determination now under review, i.e. the district court's finding that the loss of the underpants was prejudicial, came in a case in which the alleged victim's testimony was itself quite ambiguous on the issue of force, and subject to serious challenge concerning the manner the crime assertedly occurred.

In this context, the district court's finding cannot be held erroneous as a matter of law.

BATJER, J., dissenting:

I respectfully dissent from the opinion filed by the majority. Victor Havas was charged with rape as a result of events occurring in February, 1975. Evidence was introduced at his preliminary hearing that Havas interviewed a young woman for a job at the Courtesy RV Center and as a part of the interview forced her to have sexual intercourse with him. On appeal from the granting of a petition for habeas corpus we found that there was sufficient evidence presented to support the information.[1] State v. Havas, 91 Nev. 611, 540 P.2d 1060 (1975).

The young woman testified at the preliminary examination

---

[1]From the record it appears that the clothing was not produced at the preliminary examination and, thus, the same evidence exists now as existed at the time of that opinion.

that her clothes were not torn during the alleged rape, and that she put them on again after the event. The respondent contends that he was prejudiced by the prosecution's failure to preserve that evidence. This court has recently set forth the standard for reversal for loss of evidence in Howard v. State, 95 Nev. 580, 600 P.2d 214 (1979), where it was held that the defense must show either (1) bad faith or connivance on the part of the government or (2) that the defendant was prejudiced by the loss of the evidence.

No explanation is given for loss of the pants and respondent has made no attempt to show bad faith or connivance in their disappearance. It follows then that the majority believes that prejudice exists. Since respondent maintains only that he needs the pants to show that he did not force himself on his victim and tear her clothes, the victim's testimony obviates the need for the clothing. Furthermore, a showing of "[p]hysical force is not a necessary ingredient in the commission of the crime of rape". Dinkens v. State, 92 Nev. 74, 77, 546 P.2d 228, 230 (1976).

The respondent has shown no genuine prejudice to his defense. I would reverse and remand for trial.