# LLOYD RICHARD DEERE, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 14893

October 4, 1984 688 P.2d 322

*Marc D. Risman,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

In August of 1982, appellant Lloyd Richard Deere kidnapped, beat, handcuffed and sexually assaulted a Las Vegas prostitute. He was convicted of one count each of first degree kidnapping and battery with intent to commit a crime, and four counts of sexual assault. On appeal, he raises eleven assignments of error. We conclude that appellant has failed to demonstrate prejudicial error, and affirm.

Appellant's principal contention is that the district court erred by denying a motion to dismiss based on the state's allegedly negligent failure to impound and preserve material and potentially exculpatory evidence, namely the blouse and undergarment of the victim. According to the victim's testimony, the

undergarment had been torn and the blouse slashed with a knife during the sexual assaults. Appellant argued in his motion that the evidence would have been exculpatory on the issue of the use of force or a weapon during the assaults. He based his motion primarily on our decision in State v. Havas, 95 Nev. 706, 601 P.2d 1197 (1979), in which a majority of this Court upheld dismissal of a forcible rape charge because of the state's negligent failure to obtain and preserve the victim's undergarments, which were considered material and potentially exculpatory on the issue of the use of force.

We are persuaded that the motion to dismiss was properly denied. The general rule in this area is well settled. When an accused seeks dismissal for the state's good-faith loss or destruction of material evidence, he or she must show prejudice flowing from the unavailability of the evidence. To establish prejudice, the accused must make "some showing that it could be reasonably anticpated that the evidence sought would be exculpatory." Boggs v. State, 95 Nev. 911, 913, 604 P.2d 107, 108 (1979). *See* Crockett v. State, 95 Nev. 859, 603 P.2d 1078 (1979). From our review of the record, we have concluded that appellant cannot demonstrate that it was reasonably likely that the lost evidence would have exculpated him; he thus cannot make the requisite showing of prejudice. Accordingly, the motion to dismiss was properly denied, and this assignment of error is without merit.

Nothing in *Havas* compels a contrary result. *Havas* was decided on its own facts, which are readily distinguishable from those of this case. The *Havas* majority's ruling hinged on the reasoning that the victim's undergarments were potentially exculpatory because her testimony on the use of force was not only ambiguous, but "subject to serious challenge concerning the manner the crime assertedly occurred." 95 Nev. at 709, 601 P.2d at 1198 (GUNDERSON, J., concurring). The underpinnings of the *Havas* majority's ruling are simply not present in the case before us, wherein the victim's testimony was not ambiguous and was amply corroborated by other testimony and by physical evidence.

Appellant appears to argue that *Havas* states a *per se* rule that a rape victim's undergarments are always material and potentially exculpatory evidence, at least where the garments are allegedly removed by force. This interpretation of *Havas* is erroneous. That decision does not state a *per se* rule, and does not alter or detract from the general rule as set forth in *Boggs.* The materiality and potentially exculpatory character of lost or destroyed evidence must be determined on an *ad hoc* basis on

the facts of each particular case. Any language to the contrary in the *Havas* majority opinion is hereby disapproved.

We have considered appellant's remaining assignments of error, and have concluded that they are either without merit or do not warrant reversal. Accordingly, the judgment of conviction is affirmed.