An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

EDILFREDO CHAVEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63600

**FILED**

JUN 2 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Abbi Silver, Judge.

Appellant argues that the district court erred in denying his claims of ineffective assistance of counsel raised in his March 5, 2012, petition. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's

14-20756

application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant argues that his trial counsel was ineffective for failing to investigate the condition of a window to ascertain if the window lock was actually broken. The victim stated that appellant crawled through a bedroom window that had a broken lock and did so because the bedroom door was locked. Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. The victim testified that the incidents where appellant crawled through a window happened a number of years in the past and at a residence where they no longer lived. Under these circumstances, appellant fails to demonstrate that reasonably diligent counsel would have investigated the window's condition or that there was a reasonable probability of a different outcome had counsel performed such investigation. Therefore, the district court did not err in denying this claim.

Second, appellant argues that his trial counsel was ineffective for failing to obtain phone records of the phone calls between appellant and the victim. Appellant also argues that counsel should have inquired into the victim's destruction of the cell phone. Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. The victim testified that appellant often called her, but that there were occasions where she called appellant. Appellant fails to demonstrate that reasonably diligent counsel would have sought further information regarding those calls or that the actual records of those calls would have had a reasonable probability of altering the outcome of the trial. In addition, the victim testified that she destroyed the phone and appellant fails to demonstrate a reasonable probability of a different

outcome at trial had counsel attempted to obtain records from the destroyed phone. Therefore, the district court did not err in denying this claim.

Third, appellant argues that his trial counsel was ineffective for failing to interview the victim's mother. Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Counsel testified at the evidentiary hearing that his investigator interviewed the mother and that counsel did not want to call her as a witness because she and appellant had had a sexual relationship. Appellant fails to demonstrate that reasonably diligent counsel would have personally interviewed the mother or that there was a reasonable probability of a different outcome at trial had counsel personally interviewed the mother. Therefore, the district court did not err in denying this claim.

Fourth, appellant argues that his trial counsel was ineffective for failing to investigate or retain an expert regarding "Triple C" intoxication. The victim testified that she was under the influence of a type of cold and cough medication she referred to as "Triple C" during two of the sexual encounters. Appellant fails to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant failed to demonstrate that reasonably diligent counsel would have sought expert testimony regarding this information as the victim testified that she consented to the sexual activity that occurred during the times she had ingested medication. Moreover, appellant was only convicted of statutory sexual seduction for those two encounters, and therefore, he fails to demonstrate a reasonable probability of a different outcome had counsel

sought further information regarding intoxication from cold and cough medication. Therefore, the district court did not err in denying this claim.

Fifth, appellant argues that his trial counsel was ineffective for failing to assert that the jury instructions and Nevada law regarding sexual assault and consent violated appellant's constitutional rights. Appellant asserts that counsel should have argued that Nevada's consent law creates an improper irrefutable presumption, it improperly requires a defendant to waive his rights against testifying, improperly shifts the burden of proof to the defendant, and does not properly inform the jury that consent can be inferred through conduct or non-auditory means. Appellant argues that had counsel proposed different instructions and had the jury been properly instructed they would have concluded that the victim actually consented to the sexual contact because of video recordings depicting the victim actively participating and agreeing to the sexual activities with appellant. Appellant further argues that the recordings and the victim's additional actions in this matter demonstrate that she consented to all of the sexual activity that occurred. Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced.

"A rape victim is not required to do more than her age, strength, and the surrounding facts and attending circumstances would reasonably dictate as a manifestation of her opposition." *McNair v. State*, 108 Nev. 53, 57, 825 P.2d 571, 574 (1992) (citing *Dinkens v. State*, 92 Nev. 74, 78, 546 P.2d 228, 230 (1976)); *see also Shannon v. State*, 105 Nev. 782, 790, 783 P.2d 942, 947 (1989) (discussing that factors such as the victim's age, maturity level, the influence of the defendant over the victim, and the victim's act of feigning sleep evidenced that the sexual acts occurred

against the victim's will). Moreover, "[s]ubmission is not the equivalent of consent." *McNair*, 108 Nev. at 57, 825 P.2d at 574 (citing *Tryon v. State*, 567 P.2d 290, 293 (Wyo. 1977)). However, "a reasonable mistaken belief as to consent is a defense to a sexual assault charge." *Carter v. State*, 121 Nev. 759, 766, 121 P.3d 592, 596 (2005). The jury was properly instructed in this case as to these standards for sexual assault and consent in Nevada.

Here, appellant was convicted of three counts of sexual assault of a minor under 14, acquitted of four counts of sexual assault of a minor under 14 and four counts of sexual assault of a minor under 16, and also convicted of three counts of statutory sexual seduction. The victim testified that when she was under 14, appellant entered her bedroom on a number of occasions to engage in sexual activity, told her he would harm her younger sister and father if she refused to have sex with him or if she told others of the activity, bound her hands on one occasion, and slapped her on another. In contrast, the actions depicted on the video occurred after the victim had turned 14, the victim testified that she agreed to the sexual activity at that point, and that she did not feel she had been sexually assaulted during the activities depicted on the video.

Given the verdict, the jury concluded that the victim did not consent to the sexual activity when she was under 14, but that she consented to the acts that occurred after she had turned 14. The evidence presented at trial demonstrates that the sexual acts for which appellant was convicted of sexual assault occurred against the victim's will or under conditions in which appellant knew or should have known that the victim was mentally or physically incapable of resisting. *See Shannon*, 105 Nev. at 790, 783 P.2d at 947 (citing NRS 200.366). Appellant fails to

demonstrate that reasonably competent counsel would have argued for further instructions regarding consent under the circumstances of this case. Moreover, appellant fails to demonstrate that objectively reasonable counsel would have argued that Nevada's sexual assault and consent law violated appellant's constitutional rights under these circumstances. Appellant fails to demonstrate there was a reasonable probability of a different outcome had counsel raised these types of arguments as there was substantial evidence that the victim did not consent for the three convictions of sexual assault. Therefore, the district court did not err in denying this claim.

Sixth, appellant argues that his trial counsel was ineffective for failing to investigate the law relating to the charges in this case. Appellant fails to demonstrate either deficiency or prejudice for this claim. Counsel testified at the evidentiary hearing that he was aware of the sexual assault and consent laws regarding a charge involving a minor victim. Appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel performed more research regarding these laws. Therefore, the district court did not err in denying this claim.

Seventh, appellant argues that his trial counsel was ineffective for failing to object when the State argued that the victim was not capable of consent due to her age. Appellant fails to demonstrate that his counsel's performance was deficient or that he was prejudiced. The State did not argue that the victim could not consent; rather it properly argued that the victim's characteristics, including her age, demonstrated that she did not legally consent to the sexual activity. *See McNair*, 108 Nev. at 57, 825 P.2d at 574. Appellant fails to demonstrate a reasonable

probability of a different outcome had counsel objected. Therefore, the district court did not err in denying this claim.

Eighth, appellant argues that his trial counsel was ineffective for failing to assert that the instructions improperly failed to explain that force is required for sexual assault. Appellant fails to demonstrate either deficiency or prejudice for this claim as physical force or the threat of physical force is not necessary for a crime of sexual assault. *See Shannon*, 105 Nev. at 790, 783 P.2d at 947. Moreover, the victim testified that appellant threatened to harm her family members if she refused to submit to sexual activity, that he bound her hands on one occasion, and slapped her on another. Therefore, the district court did not err in denying this claim.

Ninth, appellant argues that his trial counsel was ineffective for failing to assert that there was insufficient evidence to convict appellant. Appellant fails to demonstrate that his counsel's performance was deficient or that he was prejudiced. Counsel argued that the State had failed to prove the sexual assault and lewdness charges beyond a reasonable doubt. Appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel made further arguments of this nature. Therefore, the district court did not err in denying this claim.

Tenth, appellant argues that his trial counsel was ineffective for failing to argue that the jury instructions permitted the victim to withdraw consent for sexual activity after the act had taken place. Appellant argues that allowing the withdrawal of consent after completion of the sexual act is an improper bill of pains and penalties. Appellant fails to demonstrate that his counsel's performance was deficient or that he was prejudiced. Nothing in the instructions or in Nevada law permits a victim

to consent to sexual activity and then legally withdraw the consent at a later time. Moreover, appellant's argument regarding a bill of pains and penalties is misplaced. A bill of pains and penalties was traditionally the same as a bill of attainder, except that the punishment was something other than death. *See United States v. Brown*, 381 U.S. 437, 441-42 (1965) (discussing that the punishments included "banishment, deprivation of the right to vote, or exclusion of the designated party's sons from Parliament" (footnotes omitted)). "A bill of attainder is any legislative act that applies to named individuals or an easily ascertainable group in such a way as to inflict punishment on them without a judicial trial." *Spilotro v. State, ex rel. Nevada Gaming Comm'n*, 99 Nev. 187, 192, 661 P.2d 467, 470 (1983). "On the other hand, if the enactment sets out criteria or a general definition describing those who fall within its prohibitions, it is not a bill of attainder." *Id.* Here, appellant was convicted pursuant to a judicial trial and the laws under which he was convicted provided a general definition of the prohibited activity. *See* NRS 200.364; NRS 200.366; NRS 200.368; NRS 200.710; NRS 200.730; NRS 201.230. Therefore, the district court did not err in denying this claim.

Eleventh, appellant argues that his trial counsel was ineffective for failing to argue that instructions 4, 7, 9, 10 and 28 permitted the jury to convict without considering whether the victim consented and also eliminated a consent defense. Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Jury instructions are meant to be read together. *See Butler v. State*, 120 Nev. 879, 903, 102 P.3d 71, 88 (2004). A different instruction, no. 32, instructed the jury to consider whether the victim consented to the sexual activity and that consent was a defense to sexual

assault. Accordingly, appellant fails to demonstrate that reasonably diligent counsel would have argued that the challenged instructions improperly eliminated consent as a defense. Appellant also fails to demonstrate a reasonable probability of a different outcome had counsel raised this argument at trial. Therefore, the district court did not err in denying this claim.

Twelfth, appellant argues that his trial counsel was ineffective for failing to question the victim regarding her provocative clothing. Appellant fails to demonstrate either deficiency or prejudice for this claim. Counsel questioned the victim's sister regarding the sister's opinion that the victim wore provocative clothing and appellant fails to demonstrate that it was objectively unreasonable for counsel not to question the victim in a similar manner. Appellant fails to demonstrate a reasonable probability of a different outcome had counsel questioned the victim regarding her clothing. Therefore, the district court did not err in denying this claim.

Thirteenth, appellant argues that his trial counsel was ineffective for failing to investigate the threatening notes appellant wrote to the victim. Appellant fails to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant did not demonstrate that any investigation into these notes would have uncovered any helpful evidence or that any evidence of this sort would have had a reasonable probability of producing a different outcome at trial. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). Therefore, the district court did not err in denying this claim.

Fourteenth, appellant argues that his trial counsel was ineffective for failing to argue that the instruction regarding lewdness may

have confused the jury because it instructed the jury that consent was not a defense for lewdness with a child. Appellant fails to demonstrate either deficiency or prejudice for this claim. As stated earlier, jury instructions are meant to be read together. *See Butler*, 120 Nev. at 903, 102 P.3d at 88. As the jury was properly instructed regarding consent involving a claim of sexual assault and regarding lewdness with a child, appellant fails to demonstrate that the separate instructions confused the jury. Therefore, the district court did not err in denying this claim.

Fifteenth, appellant argues that his trial counsel was ineffective for failing to request an instruction regarding statutory sexual seduction. Appellant fails to demonstrate either deficiency or prejudice because the jury was instructed on statutory sexual seduction and convicted appellant of three counts of that crime. Therefore, the district court did not err in denying this claim.

Sixteenth, appellant argues that his trial counsel was ineffective for failing to make a challenge pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986), when the State struck three young male jurors. Appellant fails to demonstrate deficiency for this claim as counsel challenged the dismissal of these jurors based on their gender and the district court denied that challenge. Appellant fails to demonstrate a reasonable probability of a different outcome had counsel made further arguments regarding the dismissal of these jurors. Therefore, the district court did not err in denying this claim.

Next, appellant argues that his appellate counsel was ineffective. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting

prejudice such that the omitted issue would have had a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Appellate counsel is not required to raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Rather, appellate counsel will be most effective when every conceivable issue is not raised on appeal. *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

First, appellant argues that his appellate counsel was ineffective for failing to argue that there was insufficient evidence to support the convictions. Appellant fails to demonstrate that his counsel's performance was deficient or that he was prejudiced. A review of the record reveals that a rational juror could have found the elements of the crimes beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008). The victim testified with particularity regarding the numerous sexual incidents and a video recording depicting appellant's sexual activity with the minor victim was admitted at trial. *See Meijia v. State*, 122 Nev. 487, 493 & n.15, 134 P.3d 722, 725 & n.15 (2006). Appellant fails to demonstrate a reasonable likelihood of success on appeal had counsel argued there was insufficient evidence presented at trial to support the convictions. Therefore, the district court did not err in denying this claim.

Second, appellant argues that his appellate counsel was ineffective for failing to assert that when a jury instruction sets forth an incorrect statement of the law and there was a general verdict, that the conviction must be reversed. Appellant fails to demonstrate either deficiency or prejudice. Appellant fails to demonstrate that any of the jury

instructions given at trial misstated the law. Appellant fails to demonstrate a reasonable likelihood of success on appeal had counsel raised this argument. Therefore, the district court did not err in denying this claim.

Third, appellant argues that his appellate counsel was ineffective for failing to argue that the instructions did not match the State's theories of the crimes. Appellant fails to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant fails to demonstrate that the instructions were improper. Appellant fails to demonstrate a reasonable likelihood of success on appeal had counsel raised this argument. Therefore, the district court did not err in denying this claim.

Next, appellant argues that the district court failed to consider a claim raised below that his counsel was ineffective for failing to object when the instructions did not match the State's theories. While the district court's order did not address this claim with specificity, the order is clear that it denied relief for all of appellant's claims. Appellant does not demonstrate that any error in failing to provide more detail for this claim affected appellant's ability to seek full appellate review. Moreover, appellant fails to demonstrate that he was entitled to relief for his underlying claim, as the instructions were proper. Therefore, any error in failing to specifically address this claim in detail was harmless. *See* NRS 178.598. Accordingly, appellant is not entitled to relief based on this argument.

Finally, appellant argues that the district court erred in denying his petition because prejudice should be presumed if the verdict was based on incorrect jury instructions. Appellant fails to demonstrate

that the instructions were incorrect and fails to demonstrate that, even if such an error occurred, prejudice in the context of ineffective of counsel should be presumed. Therefore, appellant is not entitled to relief based on this argument.

Having concluded appellant is not entitled to relief, we ORDER the judgment of the district court AFFIRMED.[1]

_Pickering_ , J.
Pickering

_Parraguirre_ , J.
Parraguirre

_Saitta_ , J.
Saitta

cc:    Hon. Abbi Silver, District Judge
Michael H. Schwarz
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[1]The State filed a motion to strike a portion of the reply brief on the ground that new issues were raised that had not been presented in the opening brief. The motion was denied because its resolution implicated the merits of the appeal, but the court would determine on review of the appeal whether any arguments in the reply brief should not be considered. A review of appellant's briefs reveals that appellant did not improperly exceed the scope of a reply brief. *See* NRAP 28(c).