LAWRENCE N. HOWARD, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 9844

September 21, 1979                    600 P.2d 214

[Rehearing denied October 24, 1979]

*William N. Dunseath,* Public Defender, and *Michael B. McDonald,* Deputy Public Defender, Washoe County, for Appellant.

*Calvin R. X. Dunlap,* District Attorney, and *John L. Conner,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, Young, D. J.:[1]

Convicted, by jury verdict, of burglary, appellant contends we must reverse because he was denied due process of law.

On June 30, 1976, at approximately 3:00 a.m., Adrian Garcia, a mechanic and janitor at the Sparks Bowlarium, a bowling alley in Sparks, Nevada, heard noises coming from the kitchen area of the bowling alley. Garcia hastened to a counter near the kitchen and observed a man, later identified as George Arthur Parr. Parr saw Garcia approaching and shouted to a "companion" to leave the premises without undue delay. Both intruders then fled from the scene. Garcia grabbed a butcher knife and chased the two men for several city blocks. During the chase, Garcia slowed in front of Sambo's Restaurant to ask the waitresses to call the police. He testified at trial that Parr's "companion" ran across the red gravel in front of Sambo's. This testimony was controverted by other witnesses. Garcia also testified that he twice lost sight of the "companion" during the chase between the bowling alley and Sambo's. Garcia maintained that the "companion" was wearing a white T-shirt with an emblem on the back, blue jeans and tennis shoes. The chase ended in a trailer park where police arrested appellant, who was identified by Garcia as the "companion" he had been chasing.

Appellant was booked at the Sparks Police Department. His shoes and clothes were removed and, since they were not considered by the police to be evidence, they were purportedly

---

[1]The Governor, pursuant to Nev. Const. art. 6, § 4, designated the Honorable Llewellyn A. Young, Judge of the Sixth Judicial District, to sit in place of THE HONORABLE CAMERON M. BATJER, Justice, who was disqualified.

placed in a personal property bag which was stored at the Washoe County Jail.

During the subsequent trial, appellant desired to introduce into evidence his clothing, which he contended would remove any doubts as to his identity, and his shoes, which he claimed would establish whether he was the person who ran across the red gravel. When the personal property bag was produced, it contained no shoes. Moreover, a sheriff's deputy testified that he had noticed a blue denim article in the bag which was no longer present. The T-shirt was produced, but it had an emblem on the front rather than the back.

Appellant contends that his shoes and clothing were crucial evidence regarding the issue of his identification as the person Garcia was chasing, and that the state's failure to produce these articles at trial constituted a prejudicial suppression of evidence, thereby depriving him of due process of law. We agree.

Where, as here, appellant seeks to have his conviction reversed for loss of evidence he must show either (1) bad faith or connivance on the part of the government or, (2) that he was prejudiced by the loss of the evidence. United States v. Heiden, 508 F.2d 898 (9th Cir. 1974); United States v. Henry, 487 F.2d 912 (9th Cir. 1973). Although the state maintained control over appellant's personal property and took no measures to protect it from theft or loss, there is nothing in the record to suggest bad faith, or connivance, on the part of the state or its agents. However, the record indicates that the loss of appellant's shoes was prejudicial to his defense. Indeed, appellant's shoes and clothing were material to the identification of him as the perpetrator of the offense. Accordingly, since these articles were not produced at the trial, appellant's conviction must be reversed.

In light of our disposition of this issue, we need not consider appellant's other assignments of error.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.