# WILLIAM THOMAS BOGGS, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 11519

December 20, 1979                              604 P.2d 107

*Morgan D. Harris,* Public Defender, and *E. David Stoebling,* Deputy Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Càrson City; *Robert J. Miller,* District Attorney, and *Howard Douglas Clark,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted by a jury of grand larceny. He appeals from this conviction contending that the district court committed reversible error by refusing to grant his motion to dismiss and by refusing to suppress his confession. He further contends that the evidence adduced at trial was insufficient to support the conviction.

The facts of the case are as follows: On June 28, 1978, an automobile was left running in a Las Vegas commercial center's parking lot. The vehicle was stolen. Later that day, near Spanish Fork, Utah, State Highway Patrol officers detained the driver and three passengers of a vehicle on suspicion of gasoline theft. The three passengers were arrested but later released. The driver of the vehicle, appellant Boggs, was arrested, placed in a patrol vehicle and advised of his constitutional rights. Shortly thereafter, a radio dispatch informed the officers that the automobile which Boggs had been driving was the above referenced stolen vehicle. Boggs was placed under arrest on a charge of auto theft and his rights were again read to him. Boggs was asked, "Who stole the car?" His response, according to the questioning officer was, "I'm the one that got in the car and started it. More or less, I'm the one that stole it," and he indicated that the vehicle was stolen from a Las Vegas business area.

As stated above, the three additional occupants of the stolen vehicle were released. Their names and addresses were either never taken down by the patrolmen or were lost, thus preventing their appearance at trial. In arguing that his motion to dismiss was wrongfully denied, Boggs contends that the failure to produce these witnesses constitutes suppression, loss, or destruction of evidence by the State and denied him a fair trial.

We have stated that where a party seeks to have his conviction reversed for loss of evidence he must show either bad faith or connivance on the part of the government or that he was prejudiced by the loss of the evidence. Crockett v. State, 95 Nev. 859, 603 P.2d 1078 (1979); Howard v. State, 95 Nev. 580, 600 P.2d 214 (1979). Appellant has not alleged, and there is no evidence to support, a contention that the names and addresses

of the stolen vehicle's passengers were intentionally lost or suppressed. Prejudice must, therefore, be shown and the burden of showing this prejudice rests on the defense. State v. Havas, 95 Nev. 706, 601 P.2d 1197 (1979). This burden requires some showing that it could be reasonably anticipated that the evidence sought would be exculpatory and material to appellant's defense. *See* State v. Williams, 500 P.2d 722 (Or.App. 1972). It is not sufficient that the showing disclose merely a hoped-for conclusion from examination of the destroyed evidence, nor is it sufficient for the defendant to show only that examination of the evidence would be helpful in preparing his defense. *See* United States v. Agurs, 427 U.S. 97 (1976); State v. Koennecke, 565 P.2d 376 (Or.App. 1977).

Appellant merely contends that his inability to contact the other three passengers of the vehicle denied him a fair trial. Such a contention, without more, does not meet the required standards.

Secondly, Boggs contends that the district court erred by refusing to suppress his confession, maintaining that such confession was not freely and voluntarily made. To be admissible as evidence, a confession must be made freely, voluntarily and without compulsion or inducement. Schaumberg v. State, 83 Nev. 372, 432 P.2d 500 (1967). Voluntariness is to be determined from the totality of the surrounding circumstances. Schneckloth v. Bustamonte, 412 U.S. 218 (1973); Surianello v. State, 92 Nev. 492, 553 P.2d 942 (1976).

Upon examining the total circumstances here we do not find those factors leading to a conclusion that the confession was involuntary. There is evidence that the patrol officer read appellant his rights and that appellant indicated that he understood those rights. There is no evidence indicating compulsion except the fact that appellant was under arrest at the time of the confession. As we stated in Walker v. State, 78 Nev. 463, 473, 376 P.2d 137, 142 (1962): "The mere fact that the appellant was under restraint at the time the confession was given does not in itself make the confession involuntary." *See also* Surianello v. State, *supra;* Lee v. State, 86 Nev. 794, 477 P.2d 157 (1970); State v. Plas, 80 Nev. 251, 391 P.2d 867 (1964).

Furthermore, the judge's decision regarding voluntariness is final unless such finding is plainly untenable. McRoy v. State,

92 Nev. 758, 557 P.2d 1151 (1976); Wallace v. State, 84 Nev. 603, 447 P.2d 30 (1968). We do not find such a situation here.

Finally, Boggs contends that the evidence adduced at trial was insufficient to sustain his conviction of grand larceny. Where, as here, the verdict is supported by substantial evidence in the record it will not be disturbed on appeal. McKinney v. State, 95 Nev. 494, 596 P.2d 503 (1979); Sanders v. State, 90 Nev. 433, 529 P.2d 206 (1974).

Accordingly, appellant's conviction is affirmed.