CITY· OF LAS VEGAS, NEVADA, Petitioner, *v.*
THOMAS J. O'DONNELL, District Judge, Eighth
Judicial District Court of the State of Nevada,
Respondent.

No. 15503

August 24, 1984                    686 P.2d 228

*George F. Ogilvie, Jr.,* City Attorney, and *Mark Zalaoras,*
Deputy City Attorney, Las Vegas, for Petitioner.

*Chris Maglaras, Jr.,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

David Furniss, real party in interest, was originally charged in a Las Vegas municipal court proceeding with one count of driving under the influence of intoxicating liquor in violation of NRS 484.379. Prior to trial, Furniss moved to have evidence of an intoxilyzer breath analysis test suppressed on the ground that the state had failed to preserve samples of his breath at the time of the testing. The motion was denied, and Furniss was ultimately found guilty as charged.

Furniss then filed a notice of appeal from the judgment of conviction to the Eighth Judicial District Court pursuant to NRS 266.565.[1] According to the provisions of that statute, the district court was required to conduct a trial de novo on the question of Furniss' guilt. The district court, however, instead determined, on the basis of the written pleadings presented to

---

[1]NRS 266.565 provides that:

> The practice and proceedings in the municipal court shall conform, as nearly as practicable, to the practice and proceedings of justices' courts in similar cases except that *an appeal perfected transfers the action to the district court for trial anew*. (Emphasis added.)

him by the parties, that the municipal court which had originally conducted Furniss' trial had erred in admitting the evidence of the intoxilyzer breath tests. The district court then remanded the case to the municipal court for a trial de novo in that court, with instructions that the evidence of the intoxilyzer tests were not to be admitted at the trial.

In the present petition, the City of Las Vegas seeks a determination by this court that the district court exceeded its jurisdiction in remanding the case to the municipal court rather than holding a trial de novo itself. The City also contends that the district court erred in determining that the evidence of intoxilyzer tests should be suppressed at trial. We agree with the City with respect to both contentions.

■■

First, the district court was clearly without jurisdiction to remand the case to the municipal court for a trial de novo. The district court was instead required to hold a trial de novo to determine for itself the question of Furniss' guilt or innocence.[2] *See* NRS 266.565, *supra,* note 1. Upon remand, the district court shall conduct such a trial.

■■■

Second, the evidence of the intoxilyzer breath tests will be admissible at the trial on this matter. Contrary to Furniss' argument, due process does not require the state to save breath samples which are taken from a defendant for use in an intoxilyzer test. *See* California v. Trombetta, 52 U.S.L.W. 4744 (U.S. June 11, 1984). As the Court in *Trombetta* noted, the failure to preserve the breath samples will not unduly prejudice a defendant's case; the only arguable relevance that breath samples might have to a defendant's case would be for purposes of impeaching the final intoxilyzer test reports, by attempting to show that the tests somehow incorrectly calculated the alcohol level in the sample. As the Supreme Court noted, however, intoxilyzer test results can be impeached by various other methods, such as by the introduction of evidence to demonstrate to the jury ways in which an intoxilyzer machine might malfunction, and by cross-examination of the person who conducted the defendant's test in an attempt to determine whether any operator-error might have occurred.

[2]Although the district court purported to have conducted a "trial" based on the stipulated facts given by the parties, the court clearly did not make a determination as to Furniss' guilt or innocence. Instead, the parties filed points and authorities concerning the propriety of admitting the intoxilyzer tests into evidence, and the court's decision appears to have been based solely on the finding that the municipal court committed error in admitting the evidence at Furniss' trial.

*Id.; see generally* NRS 484.389(3) (defendant is entitled upon request to "full information" concerning the blood-alcohol test to which he submitted).

Additionally, like California, Nevada has enacted extensive regulations to insure the accuracy of the machines and methods used in breath testing, as well as to insure that only qualified persons are allowed to administer such tests. *See* NRS 484.388, 484.3882, 484.3884, 484.3886, 484.389. Although these regulations were adopted by the Nevada Legislature subsequent to the administration of the intoxilyzer test in the present case, Furniss will nevertheless be protected from the possibility of the introduction of inaccurate test results in his upcoming trial by NRS 484.389(4), which provides that blood-alcohol tests are not admissible against a defendant unless it can be shown that the law enforcement agency which administered the test "calibrated the testing device and otherwise maintained it as required by the regulations of the committee on testing for intoxication." Moreover, Furniss has failed to include any facts in the record to persuade this court that Nevada's general procedure of administering the intoxilyzer tests is in any way defective or any more likely to lead to inaccurate results than were the procedures under consideration in *Trombetta,* and we perceive no reason to distinguish the two cases in this regard.

Finally, as in *Trombetta,* there is no indication that the law enforcement agencies in this case were in any way acting in bad faith by not preserving the breath samples used in this method of testing, and it appears that they were instead simply following their standard procedures. Since the law enforcement agents were not acting in bad faith, and since Furniss has been unable to demonstrate to this court that he has been prejudiced by the loss of the breath samples, Nevada law also does not require that this evidence be suppressed. *Cf.* Boggs v. State, 95 Nev. 911, 604 P.2d 107 (1979) (motion to dismiss for loss of evidence may only be granted where defendant can show that the state was acting in bad faith or that the defendant was prejudiced by the loss). Since neither due process nor Nevada law requires the preservation of breath samples, we conclude that the district court erred in ruling that the intoxilyzer test results should be suppressed.[3] On remand, the test results will be admissible in evidence.

[3]Furniss also contends that the admission of the intoxilyzer tests without preservation of his breath samples would violate his right to the equal protection of the law because when blood or urine tests in this state are conducted on DUI defendants, samples from those tests are allegedly routinely preserved. Neither the Nevada Legislature nor this court, however,

Accordingly, we grant the petition for writ of certiorari. The district court's order is hereby vacated, and the matter is remanded to the district court for trial on the merits in accordance with the dictates of this opinion.

---

has ever imposed the requirement that such samples must be preserved, and neither party has presented any facts in the record concerning whether law enforcement agents in this state do in fact routinely preserve such samples. Accordingly, we must conclude that this issue *is* not properly before this court at this time. *Cf.* Garcia v. Dist. Court, 21st Jud. Dist., 589 P.2d 924, 929 n.3 (Colo. 1979) (where Colorado legislature specifically required preservation of blood and urine samples, equal protection was found to have been violated where similar requirement was not imposed with respect to preservation of breath samples).

We also note that Furniss made an alternative argument in the district court to the effect that NRS 484.381(2)(c) creates an unconstitutional conclusive presumption of a defendant's guilt. *See generally* Sandstrom v. Montana, 442 U.S. 510 (1979). The district court, however, did not rule on this question in its order purporting to remand this case to the municipal court, and Furniss has failed to address this issue in his answer to the present petition; as such, we find it unnecessary to address it at this time.