KATHERINE L. ORFIELD, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 18257

March 30, 1989                               771 P.2d 148

*Rupert C. Schneider,* Battle Mountain, for Appellant.

*Brian McKay,* Attorney General, *Brian R. Hutchins,* Deputy
Attorney General, Carson City, for Respondent.

# OPINION

*Per Curiam:*

On July 4, 1980, appellant Katherine L. Orfield was traveling from Louisiana to California with Ronnie Milligan, Paris Leon Hale, Terry Carl Bonnette, Ramon Houston and Kathy Orfield, appellant's teenage daughter. Houston was a migrant farm worker whom the others had picked up at a rest stop near Omaha several days before.

The group met elderly Zalihon Voinski at a rest stop near Valmy. Voinski was experiencing mechanical problems with her car, and left the rest stop with appellant and the others. Voinski was subsequently beaten to death with a sledgehammer. Orfield, Milligan, Hale and Bonnette were convicted of the murder and accompanying robbery; Orfield's conviction was reversed because the district court quantified the concept of reasonable doubt. *Milligan v. State,* 101 Nev. 627, 708 P.2d 289 (1985), *cert. denied,* 479 U.S. 870 (1986). Orfield was retried separately and convicted of second degree murder and robbery. She challenges her conviction on two grounds: (1) that her conviction is based on uncorroborated accomplice testimony, and (2) that the State's loss of material evidence requires reversal.

First, Orfield alleges that Terry Bonnette and Ramon Houston were accomplices whose uncorroborated testimony led to her conviction in contravention of NRS 175.291.[1] We disagree.

While Bonnette was an accomplice, the same cannot be said of Houston. Not only was Houston not prosecuted, but the evidence

---

[1]NRS 175.291 provides:

    1. A conviction shall not be had on the testimony of an accomplice unless he is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration shall not be sufficient if it merely shows the commission of the offense or the circumstances thereof.

    2. An accomplice is hereby defined as one who is liable to prosecution, for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given.

shows he was not an accomplice. A person is not an accomplice simply because he or she happened to be present when the crime was committed. *See* Winston v. Sheriff, 92 Nev. 616, 555 P.2d 1234 (1976).

An accomplice is one who is liable to prosecution for the identical offense charged against the defendant, NRS 175.291(2), or who is culpably implicated in, or unlawfully cooperates, aids or abets in the commission of the crime charged. *See* Potter v. State, 96 Nev. 875, 619 P.2d 1222 (1980). Moreover, it is hornbook law "that conduct, to be criminal, must consist of something more than mere action (or non-action where there is a legal duty to act); some sort of bad state of mind is required as well." W. LaFave, A. Scott, Criminal Law, 176 (1972); *see also* Austin v. State, 87 Nev. 578, 491 P.2d 724 (1971).

Houston abandoned the group at the first opportunity after the attack and immediately led the police to Voinski so she could be treated. He implicated appellant and the others with his statements and actions before his arrest. Houston's acts are sufficient circumstantial evidence from which lack of participation in the criminal intent can be inferred. *Cf.* Robertson v. Sheriff, 85 Nev. 681, 683, 462 P.2d 528, 529 (1969).

Orfield also claims that the washing of Houston's pants removed blood stains, thereby prejudicing her ability to prove Houston's complicity in the crime. The State concedes that after Houston and the others were arrested, the State took their clothes for evidence, except Houston's, which were washed and returned to him.

To meet the test for reversal because material evidence has been lost, the accused must "show either (1) bad faith or connivance on the part of the government, *or* (2) prejudice from its loss." Crockett v. State, 95 Nev. 859, 865, 603 P.2d 1078, 1081 (1979). An appellant must also show the evidence was exculpatory. Evidence which only suggests an alternative theory for the appellant and is not directly exculpatory is insufficient. *See* Wood v. State, 97 Nev. 363, 366-367, 632 P.2d 339, 341 (1981). Further, the appellant must demonstrate:

> that it could be reasonably anticipated that the evidence sought would be exculpatory and material to appellant's defense. . . . It is not sufficient that the showing disclose merely a hoped-for conclusion from examination of the destroyed evidence, nor is it sufficient for the defendant to show only that examination of the evidence would be helpful in preparing his defense.

Boggs v. State, 95 Nev. 911, 913, 604 P.2d 107, 108 (1979) (citations omitted).

Orfield has not shown that the State acted in bad faith. It strains logic to claim that the State would pursue an evil objective in such a haphazard fashion. Had the State purposefully intended to destroy evidence to better its claim that Houston was not an accomplice, Houston's boots would probably have been washed as well. It is plausible that as Houston had cooperated with the police, and had been traveling in the clothes for several days, that the jailor simply decided to wash them for Houston.

Orfield has not shown prejudice from the loss of evidence. Though she claims the blood on Houston's clothing was necessary to establish his complicity, blood matching that of the victim was found on Houston's boots. Orfield has not shown what bloody pants could prove that bloody boots do not already reveal. Loss of the blood on Houston's pants, therefore, was not a loss of evidence which caused Orfield prejudice. Ybarra v. State, 100 Nev. 167, 173, 679 P.2d 797, 800 (1984).

Finally, the missing evidence would not have established Orfield's innocence. It was only relevant to impeaching Houston or to establishing Houston's culpability. Thus, while the evidence may have contributed to Orfield's defense, it was not exculpatory.

Having reviewed the record on appeal, we find Orfield's contentions devoid of merit.[2]

---

[2]THE HONORABLE CLIFF YOUNG, Chief Justice, voluntarily recused himself from participation in this appeal.

This appeal was previously dismissed in an unpublished order of this court. Pursuant to a request, we have determined that our decision should be issued in a published opinion. Accordingly, we hereby issue this opinion in place of our order dismissing this appeal filed September 21, 1988.