MELVIN CHAPMAN, Appellant, v. THE STATE OF
NEVADA, Respondent.

No. 34144

January 29, 2001

16 P.3d 432

*Morgan D. Harris,* Public Defender, and *Scott L. Coffee* and *Robert L. Miller,* Deputy Public Defenders, Clark County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart L. Bell,* District Attorney, *James Tufteland,* Chief Deputy District Attorney, and *Mark S. Karris,* Deputy District Attorney, Clark County, for Respondent.

Before YOUNG, AGOSTI and LEAVITT, JJ.

## OPINION

By the Court, AGOSTI, J.:

Appellant Melvin Chapman was convicted by a jury of sexually assaulting, and lewdness with, the young daughter of his live-in girlfriend. On appeal, Chapman contends that the district court erred in: (1) denying his motion for an independent psychological examination of the victim; (2) excluding evidence of independent sources of the victim's knowledge of sexual activities and the male anatomy; and (3) refusing to dismiss the charges against him based on the State's failure to preserve and disclose specifically requested evidence as required by *Brady*.[1] We conclude that these contentions lack merit.

First, Chapman argues that the district court erred in denying his request that the victim submit to an independent psychological examination. Chapman maintains that because the State relied on the testimony of an expert, he was entitled to have a defense expert examine the victim. We disagree.

---

[1]*Brady v. Maryland,* 373 U.S. 83, 87 (1963).

The decision to grant or deny a defendant's request for a psychological examination of a child-victim is within the sound discretion of the district court and will not be set aside absent an abuse of discretion. *Keeney v. State,* 109 Nev. 220, 226, 850 P.2d 311, 315 (1993), *overruled in part by Koerschner v. State,* 116 Nev. 1111, 13 P.3d 451 (2000). Moreover, in exercising that discretion, "[t]he district court should base its decision on the facts and circumstances of each case and the law as reaffirmed [in *Keeney*]." *Keeney,* 109 Nev. at 226, 850 P.2d at 315.

In *Keeney,* we determined that

it would be error to preclude a defendant from having an alleged child-victim examined by an expert in psychiatry or psychology if: (1) the State has employed such an expert; (2) the victim is not shown by compelling reasons to be in need of protection; (3) evidence of the crime has little or no corroboration beyond the testimony of the victim; and (4) there is a reasonable basis for believing that the victim's mental or emotional state may have affected his or her veracity.

*Id.* at 226, 850 P.2d at 315. Thus, when determining whether a defense expert in psychiatry or psychology may examine a child-victim of sexual assault, the foregoing factors must be considered by the district court. *Id.; see also Griego v. State,* 111 Nev. 444, 450-51, 893 P.2d 995, 999-1000 (1995) (reviewing each factor of the *Keeney* four-part test and balancing the factors in the context of the facts of the case).

In *Koerschner,* we clarified that the second factor of the *Keeney* test improperly shifted to the State the burden of showing compelling reasons why the child-victim is in need of protection from an order for an independent psychological examination. *Koerschner,* 116 Nev. at 1116-17, 13 P.3d at 455. We reemphasized the vitality of *Washington v. State,* 96 Nev. 305, 307, 608 P.2d 1101, 1102 (1980), in which we stated that "[t]he trial judge should order an examination if the defendant presents a compelling reason for such an examination." And pertinent to our analysis here, we held that whether or not the defendant had presented a compelling need for an examination is the overriding judicial question which is answered based upon an analysis of the other three *Keeney* factors. Finally, we held that the first, third and fourth *Keeney* factors were to be weighed but not necessarily given equal weight in the analysis.

Applying *Koerschner* here, we note that the State did not rely

on an expert in this case. Though we have held that a person need not be a licensed psychologist or psychiatrist in order for their testimony to constitute that of an expert, the clinical forensic interviewer who interviewed the victim concerning the incidents of sexual abuse does not qualify as an "expert" for these purposes. *See Marvelle v. State,* 114 Nev. 921, 930, 966 P.2d 151, 156 (1998). As to the third factor, allegations of this type are always difficult to corroborate due to the coercive and secretive nature of sexual assaults against children. Nevertheless, there was corroborating evidence in the testimony of the victim's mother, younger brother, and the clinical forensic interviewer. Finally, the facts of an ugly divorce between the victim's parents, and animosity between her father and Chapman, are insufficient grounds to believe that the victim's mental or emotional state may have affected her veracity. Here, Chapman failed to show a compelling reason for an independent psychological examination. We therefore conclude that the district court's denial of Chapman's motion was not an abuse of discretion.

Chapman next argues that the district court erred in excluding evidence of independent sources of the victim's knowledge of sexual activities and the male anatomy. A child-victim's prior sexual experiences may be admissible to counteract the jury's perception that a young child would not have the knowledge or experience necessary to describe a sexual assault unless it had actually happened. *See Summitt v. State,* 101 Nev. 159, 163-64, 697 P.2d 1374, 1377 (1985). If, after balancing the probative value of such evidence against its prejudicial effect, the trial court determines that the evidence should be admitted, the opportunity to be afforded the defendant is " 'the opportunity to show, by specific incidents of sexual conduct, that the prosecutrix has the experience and ability to contrive' " a charge against him. *Id.* at 164, 697 P.2d at 1377 (quoting *State v. Howard,* 426 A.2d 457, 462 (N.H. 1981)).

We conclude that the incidents of supposed sexual conduct and familiarity with the male anatomy were neither specific nor indicative of any ability on the part of the victim to contrive the charges against Chapman. Therefore, the district court did not err in excluding them.

Finally, Chapman argues that the charges against him should have been dismissed because the State's failure to preserve tapes from the victim's mother's answering machine was a *Brady* violation. We conclude that this argument lacks merit. Because the State never had possession of the tapes, there was no *Brady* vio-

lation. *See Strickler v. Greene,* 527 U.S. 263, 281-82 (1999) (a "true" *Brady* violation has three components, one of which is the suppression of evidence by the State). Moreover, the defense knew of the existence of the tapes and could have subpoenaed them from the victim's mother.

In addition, any argument that the State failed to gather or preserve evidence fails as well. Chapman has not shown that the evidence was material, that the loss of the tapes was due to bad faith on the part of the State or that the loss resulted in prejudice to his defense. *See Daniels v. State,* 114 Nev. 261, 267, 956 P.2d 111, 115 (1998); *Howard v. State,* 95 Nev. 580, 582, 600 P.2d 214, 215-16 (1979). Even if the tapes contained the statements that Chapman alleges they do, they would not directly exculpate him but only support his alternative defense theory that the charges against him were fabricated. *See Orfield v. State,* 105 Nev. 107, 109, 771 P.2d 148, 149 (1989). Chapman was able to present other evidence to support this theory.

Having considered Chapman's contentions and concluded that they lack merit, we affirm the judgment of conviction of three counts of sexual assault with a minor under sixteen years of age and fifteen counts of lewdness with a child under the age of fourteen.

YOUNG and LEAVITT, JJ., concur.