An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

FRANK ROBERT WALKLIN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64766

**FILED**

JUL 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of robbery and burglary. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant contends that the State failed to preserve material evidence, warranting reversal of his conviction and/or dismissal of the charges. But because the record does not demonstrate that the State ever possessed the evidence in question, appellant's claim is more appropriately addressed as a failure to collect. *See Daniels v. State*, 114 Nev. 261, 266, 956 P.2d 111, 114 (1998). Having considered this contention, we conclude that no relief is warranted.

The record reflects that a Chase bank was robbed on December 3, 2011. A surveillance camera recorded a video of the incident, but its files were stored out-of-state and were too large to send electronically. Thus, in order to ensure quick apprehension of the suspect, Chase immediately e-mailed law enforcement still photographs which it purported to be the best images from the video. The State believed it had requested and received the full video from Chase, but it was later determined that the video in its possession was of the wrong incident, and

14-23782

by the time the error was noticed, the correct video had been recorded over.

A defendant is entitled to the dismissal of charges if the State, acting in bad faith, fails to gather material evidence. *Daniels*, 114 Nev. at 267, 956 P.2d at 115. Here, the video was not material because there is no reasonable probability that, had it been available to the defense, the result of the proceedings would have been different; appellant's assertion that the video would have been favorable is simply a "'hoped-for conclusion.'" *Orfield v. State*, 105 Nev. 107, 109, 771 P.2d 148, 149 (1989) (quoting *Boggs v. State*, 95 Nev. 911, 913, 604 P.2d 107, 108 (1979)). And under the circumstances presented, appellant fails to demonstrate that the State acted in bad faith. Rather, the failure to collect the video was the result of mere negligence, and therefore the appropriate remedy was for the defense to probe law enforcement's investigative deficiencies, as the district court permitted. *See Daniels*, 114 Nev. at 267, 956 P.2d at 115. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____ J.
Parraguirre

_____, J.
Saitta

cc: Hon. Michelle Leavitt, District Judge
Blaine D. Beckstead
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk