An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

HENRY FROMETA GONZALEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63322

**FILED**

SEP 3 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of possession of a controlled substance with intent to sell. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

First, appellant Henry Gonzalez contends that the district court abused its discretion when it denied as untimely his pretrial motion to preclude the report of the State's expert chemist and the testimony of officers. Citing to Eighth Judicial District Court Rules (EDCR) 3.20 and 3.28, the district court found that the motion, filed the night before trial, could have been filed earlier, and denied the motion as untimely. No affidavit of good cause accompanied the untimely motion, and the district court found no good cause for the late filing. We conclude that the district court did not abuse its discretion by denying Gonzalez's motion to strike based on local district court rules and the lack of good cause for filing the late motion. *See Whisler v. State*, 121 Nev. 401, 406, 116 P.3d 59, 62 (2005).

Second, Gonzalez argues that the district court abused its discretion when it overruled his objection and allowed the testimony of the State's expert witness because the State failed to meet the notice

14-32536

requirements of NRS 174.234(2). "The district court has discretion to determine the admissibility of expert testimony, and we review this decision for a clear abuse of discretion." *Sampson v. State*, 121 Nev. 820, 827, 122 P.3d 1255, 1259 (2005). NRS 174.234(2) requires a party offering expert testimony to provide to the opposing party, not less than 21 days prior to trial, written notice containing a copy of the expert's curriculum vitae, a brief statement regarding the subject matter and substance of the expert's testimony, and a copy of all reports made by the expert. If the State fails to provide this notice, the district court "may order the [State] to permit the discovery or inspection of materials not previously disclosed, grant a continuance, or prohibit the [State] from introducing in evidence the material not disclosed, or it may enter such other order as it deems just under the circumstances." NRS 174.295(2); *see also* NRS 174.234(3)(b), (6). In fashioning a remedy for a discovery violation, "[t]his court will not find an abuse of discretion . . . unless there is a showing that the State has acted in bad faith, or that the non-disclosure results in substantial prejudice to appellant." *Jones v. State*, 113 Nev. 454, 471, 937 P.2d 55, 66 (1997) (internal quotation marks omitted).

Gonzalez claims that the report was not disclosed until eight days before trial and that the State's course of conduct demonstrates bad faith. He further alleges that he was unfairly prejudiced from preparing a proper defense and that the prejudice became evident on cross-examination when the expert lacked knowledge regarding the calibration of the testing instrument used. The State acknowledged that it did not provide the expert's report until eight days before trial but claimed that "[t]ypically we don't have chemists test the drugs on cases such as this, until we are sure it is going to trial. On calendar call we call them up and

say, test it fast and we'll send the report over at that time." The State argues that "the parties were discussing negotiations up until calendar call," and, as soon as Gonzalez indicated that a negotiation was unlikely, the State ordered testing. We conclude that the State's explanation for the untimely notices provides no basis for a finding of bad faith. Further, Gonzalez fails to demonstrate substantial prejudice as he fails to explain how receiving the report eight days instead of twenty-one days prior to trial prevented some action or argument by the defense or how timely disclosure of the expert's report would have prevented the alleged prejudice regarding calibration.[1] Therefore, we conclude that the district court did not abuse its discretion by allowing the testimony of the State's expert witness.

Third, Gonzalez contends that the district court abused its discretion when it allowed police officers to testify as experts without proper notice from the State. We review for an abuse of discretion. *Mclellan v State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). Gonzalez claims that the police officers' testimony constituted improper expert testimony because they testified as to their training and experience regarding the identification of controlled substances and to their certification to conduct tests on suspected controlled substances. The district court did not abuse its discretion by admitting this testimony because it was within the police officer's lay experience and did not

---

[1]Although we conclude that Gonzalez fails to demonstrate substantial prejudice, we caution the State that its practice of delaying testing may create a basis for substantial prejudice in other cases.

constitute expert testimony, thus no notice was required from the State. *See* NRS 50.265.

Fourth, Gonzalez argues that the district court abused its discretion by allowing a jury instruction on joint possession. "The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision for an abuse of that discretion or judicial error." *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). Gonzalez claims that the instruction was not relevant, given the State's theory of the case presented to the jury, and was prejudicial. However, the appendix submitted by Gonzalez does not include the jury instructions for this court's review on appeal. *See* NRAP 30(b) (requiring inclusion in appellant's appendix of matters essential to the decision of issue presented on appeal); *Thomas v. State*, 120 Nev. 37, 43 & n.4, 83 P.3d 818, 822 & n.4 (2004) (appellant is ultimately responsible for providing this court with portions of the record necessary to resolve his claims on appeal); *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."). Therefore, Gonzalez fails to demonstrate that the district court erred.

Fifth, Gonzalez contends that the district court erred by refusing his request to instruct the jury regarding the State's failure to gather or preserve evidence. Relying on *Daniels v. State*, 114 Nev. 261, 267-68, 956 P.2d 111, 115 (1998), Gonzalez argues that, while there may not have been bad faith or connivance on the part of the State, he was prejudiced by the loss of the white bag in which the smaller bags of narcotics were contained because the packaging of the narcotics was significant to the charge. He further alleges he was prejudiced by the

failure to gather photographic evidence of the narcotics in the vehicle because the officers could not remember the precise location.

We conduct a two-part test to determine what remedy, if any, a defendant is entitled to if the State fails to gather evidence. *Id.* at 267, 956 P.2d at 115. The district court must first determine that the evidence is material, or "that there is a reasonable probability that, had the evidence been available to the defense, the result of the proceedings would have been different." *Id.* If the evidence is found to be material, then the district court must determine whether the failure to recover the evidence was a result of negligence, gross negligence, or bad faith. *Id.* (outlining the remedies available depending on the district court's determination). When there is an allegation that the State failed to preserve evidence, a defendant "must show either bad faith or connivance on the part of the government or that he was prejudiced by the loss of the evidence." *Boggs v. State*, 95 Nev. 911, 912, 604 P.2d 107, 108 (1979). We conclude that Gonzalez fails to demonstrate that the photographic evidence was material, that the failure to gather photographs or preserve the white bag was due to gross negligence or bad faith, or that he was prejudiced by the loss of the white bag. Therefore, we conclude that the district court did not err in refusing to give a jury instruction pursuant to *Daniels*.

Sixth, Gonzalez argues that the district court abused its discretion by allowing testimony that the vehicle was stolen. We review the district court's decision to admit evidence for an abuse of discretion. *Mclellan*, 124 Nev. at 267, 182 P.3d at 109. Prior to trial, the State agreed not to elicit testimony about the stolen vehicle unless Gonzalez opened the

door.[2] On cross-examination of an officer, Gonzalez elicited testimony that the driver of the vehicle was taken into custody, handcuffed, and placed on the pavement. The district court determined that the line of questioning opened the door for the State to clarify why the driver was arrested, including testimony that the car was reported stolen. We conclude that the district court did not abuse its discretion in allowing testimony that explained the reason for the driver's arrest.

Seventh, Gonzalez contends that the State committed prosecutorial misconduct during rebuttal argument by making him the object of ridicule. "'[A] criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context; only by doing so can it be determined whether the prosecutor's conduct affected the fairness of the trial.'" *Evans v. State*, 112 Nev. 1172, 1204-05, 926 P.2d 265, 286 (1996) (alteration in original) (quoting *United States v. Young*, 470 U.S. 1, 11 (1985)). "We will not order a new trial on the grounds of prosecutorial misconduct unless the misconduct is clearly demonstrated to be substantial and prejudicial." *Miller v. State*, 121 Nev. 92, 99, 110 P.3d 53, 58 (2005) (internal quotation marks omitted). Here, the challenged comments were made in response to an argument by the defense in its

_____

[2]To the extent Gonzalez argues that the State failed to file a pretrial motion pursuant to *Petrocelli v. State*, 101 Nev. 46, 692 P.2d 503 (1985), he failed to raise this claim below and fails to demonstrate plain error. *See* NRS 178.602; *Mclellan*, 124 Nev. at 269, 182 P.3d at 110 (providing that we will review for plain error when a defendant fails to raise an issue below and will only reverse when clear error affects the defendant's substantial rights).

closing argument and were proper. *See Greene v. State*, 113 Nev. 157, 178, 931 P.2d 54, 67 (1997), *receded from on other grounds by Byford v. State*, 116 Nev. 215, 235, 994 P.2d 700, 713 (2000).

Eighth, Gonzalez argues that cumulative error warrants reversal of his conviction. Because we have found no error, there is nothing to cumulate. Accordingly, we

ORDER the judgment of conviction AFFIRMED.[3]

_____, J.
Hardesty

_____, J.
Douglas

CHERRY, J., dissenting:

The State's unofficial policy of delaying the testing of evidence, and therefore the results of such testing, clearly demonstrates bad faith. By waiting to test until after the completion of negotiations, the State ensures that timely notice of an expert's report will rarely, if ever, occur. This type of discovery violation would not be tolerated in the civil justice system and should not be accepted in the criminal justice system. A report that is material in the case against a criminal defendant should be disclosed, at a minimum, by the discovery deadline set by statute. Therefore, I conclude

---

[3]We have reviewed all documents that Gonzalez has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted.

that the State's notice of the expert's report was untimely, and Gonzalez demonstrated that the State acted in bad faith by deliberately waiting until after the completion of negotiations to order testing. *Cf. Jones v State*, 113 Nev. 454, 471, 937 P.2d 55, 66 (1997) (finding that the State did *not* act in bad faith when it used all reasonable efforts to obtain results before the discovery deadline, sent the results prior to the deadline, and the delay in receiving the results was not attributable to the State). Accordingly, I would reverse Gonzalez's conviction and remand for a new trial.

_____Cherry_____, J.
Cherry

cc:     Hon. Douglas W. Herndon, District Judge
        Legal Resource Group
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk