An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
EDGAR BANKS,
Respondent.

No. 62585

**FILED**

DEC 10 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting a motion to dismiss an information charging respondent with murder with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

Respondent Edgar Banks told his friend Keyonna Lawrence that he suspected his neighbor, Martell Smith, of burglarizing his apartment. A few months later, Smith was shot and killed when he was returning home to his apartment. Smith's roommate, Robert Briggs, told police that Banks, or "BP," may have been the killer. During the resulting investigation, Detective Fred Merrick interviewed several witnesses. He recorded several of the witness interviews, but took only handwritten notes during the others. Police eventually arrested Banks and he later confessed to shooting Smith. Detective Merrick, along with other officers, then compiled the information from the investigation into a report.

At Banks' arraignment hearing, his counsel filed a motion with the justice court requesting that the State preserve all important and material evidence, which Banks argues included Detective Merrick's handwritten interview notes. The justice court placed the State on notice of this preservation request. At the subsequent preliminary hearing, however, Detective Merrick testified that he destroyed the handwritten

14-40155

interview notes pursuant to Las Vegas Metropolitan Police Department protocol.

Consequently, Banks filed a motion with the district court to dismiss the charges based on the State's failure to preserve evidence, or in the alternative, requesting an evidentiary hearing to question Detective Merrick about the destroyed evidence. The district court granted Banks an evidentiary hearing. After the evidentiary hearing, and despite Detective Merrick's testimony that the destroyed notes stemmed from interviews of inconsequential witnesses and contained immaterial information, the district court granted Banks' motion to dismiss. The district court found that (1) the State acted in bad faith in failing to preserve the notes, and (2) Banks was prejudiced by the destruction of the notes.

The State now appeals, arguing that: (1) the district court abused its discretion in finding that the State acted in bad faith, and (2) the district court abused its discretion in finding that Banks was prejudiced by the State's failure to preserve the evidence.

*Standard of review*

This court reviews a district court's dismissal of a charging document for an abuse of discretion. *Hill v. State*, 124 Nev. 546, 550, 188 P.3d 51, 54 (2008) (reviewing the dismissal of an indictment). "'An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason.'" *Nunnery v. State*, 127 Nev. ___, ___, 263 P.3d 235, 247 (2011) (quoting *Jackson v. State*, 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001)).

*The district court abused its discretion in granting Banks' motion to dismiss*

This court has consistently held that in order to establish a due process violation resulting from the State's destruction of evidence, a defendant has the burden of establishing that (1) the State destroyed the evidence in bad faith, or (2) the defendant was prejudiced by the destruction of evidence.[1] *Sheriff, Clark Cnty v. Warner*, 112 Nev. 1234, 1239-40, 926 P.2d 775, 778 (1996). We conclude that the district court abused its discretion in finding both (1) bad faith and (2) prejudice.

*The district court abused its discretion in finding that the State acted in bad faith*

In finding bad faith on the part of the State, the district court applied the factors from *United States v. Bohl*, 25 F.3d 904, 909-10 (10th Cir. 1994). We conclude, however, that the district court erred by not applying established Nevada law in its bad faith analysis.

Under Nevada law, this court evaluates bad faith on a case-by-case basis. *See Warner*, 112 Nev. at 1240, 926 P.2d at 778 (concluding that even though the defendant obtained a court order to preserve the evidence, there was no evidence that the police destroyed the evidence to make it unavailable to the defendant); *State v. Hall*, 105 Nev. 7, 9, 768 P.2d 349, 350 (1989) (concluding that the State did not act in bad faith when a chemist disposed of laboratory samples for a legitimate purpose after saving it for a reasonable time); *Howard v. State*, 95 Nev. 580, 582, 600 P.2d 214, 216 (1979) (concluding that although the State maintained

---

[1]We conclude that the State's argument that defendants must show (1) bad faith *and* (2) prejudice is inconsistent with Nevada law and is therefore without merit.

control over property and failed to take measures to protect it from loss or theft, the State did not act in bad faith).

Further, the State does not necessarily act in bad faith if it fails to preserve evidence, even if it received notice from the justice court of the defendant's request to preserve that evidence. *Mortensen v. State*, 115 Nev. 273, 284, 986 P.2d 1105, 1112 (1999). In *Mortensen*, the police examined a witness' truck for evidence. *Id.* at 277, 986 P.2d at 1108. At a bail hearing, the justice court requested that certain evidence, including the truck and the witness' clothing, be preserved. *Id.* The police returned the truck to the witness, however, because he was not a suspect in the investigation. *Id.* at 283, 986 P.2d at 1112. Further, the police did not obtain the clothing that the witness wore at the time of the incident. *Id.* The defendant eventually received the truck and clothing to examine, but the truck had been altered and the clothing had been washed. *Id.* at 277, 986 P.2d at 1108. This court concluded that the state did not act in bad faith for failing to preserve these items because the police did not know of the apparent exculpatory nature of the evidence at the time of the investigation. *Id.* at 283, 986 P.2d at 1112.

We conclude from our review of the record that there is simply no meaningful evidence to demonstrate that the destruction of the notes resulted from any bad faith on the part of the State. Even though the justice court gave the State a blanket request to preserve all material evidence, "there is no indication that the police destroyed this evidence in an attempt to make it unavailable to [Banks]." *Warner*, 112 Nev. at 1240, 926 P.2d at 778. Detective Merrick testified about the insignificance of the unrecorded interviews, and we are unpersuaded that apparent discrepancies in the police report prove that the State acted in bad faith.

Accordingly, we conclude that the district court abused its discretion in finding bad faith.

*The district court abused its discretion in finding prejudice*

This court has held that a defendant's demonstration of prejudice "'requires some showing that it could be reasonably anticipated that the evidence sought would be exculpatory and material to [his] defense.'" *Warner*, 112 Nev. at 1240, 926 P.2d at 778 (quoting *Boggs v. State*, 95 Nev. 911, 913, 604 P.2d 107, 108 (1979)). It is not sufficient that a defendant's showing demonstrate merely a hoped-for conclusion, "'nor is it sufficient for the defendant to show only that examination of the evidence would be helpful in preparing his defense.'" *Id.* (quoting *Boggs*, 95 Nev. at 911, 604 P.2d at 108); *Mortensen*, 115 Nev. at 285-86, 986 P.2d at 1113 (noting that the defendant's contention alone that exculpatory information existed in the destroyed evidence was not sufficient to show prejudice). Further, when a defendant can show only that the lost evidence would have aided in the impeachment of a witness but would not have established the defendant's innocence, then the defendant has failed to show the exculpatory nature of the evidence, regardless of whether the evidence may have been helpful to his defense. *Orfield v. State*, 105 Nev. 107, 110, 771 P.2d 148, 150 (1989).

We conclude that Banks was not prejudiced by the destruction of the handwritten interview notes because he cannot establish that the notes were "'exculpatory and material to [his] defense.'" *Warner*, 112 Nev. at 1240, 926 P.2d at 778 (quoting Boggs, 95 Nev. at 911, 604 P.2d at 108). Specifically, we are not persuaded that the interview notes would have been material to Banks' defense given the other independent evidence establishing his guilt. The most compelling of this independent evidence is Banks' own confession to the crime, along with testimony from various

testimony from various other witnesses implicating Banks in the murder. Instead, the record suggests that the only real value the notes would have provided would be in aiding Banks in impeaching the witnesses. *See Orfield*, 105 Nev. at 110, 771 P.2d at 150. Accordingly, because Banks cannot establish that the handwritten notes would have been material to his defense, we conclude that the district court abused its discretion in finding that Banks' was prejudiced.

*Conclusion*

Because Banks cannot establish either (1) bad faith on the part of the State, or (2) that he was prejudiced by the destruction of the handwritten notes, we conclude that the district court abused its discretion in granting Banks' motion to dismiss.[2] Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

---

[2]We have considered the parties' remaining arguments and conclude they are without merit.

cc: Hon. Jessie Elizabeth Walsh, District Judge
Attorney General/Carson City
Clark County District Attorney
Clark County Public Defender
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A