# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ANTHONY DUANE VIRGIL,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 78305 |
| ANTHONY DUANE VIRGIL,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 78306 |

**FILED**

MAY 14 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

These are consolidated appeals from judgments of conviction, pursuant to jury verdicts, of first-degree murder with the use of a deadly weapon and of two counts of ownership or possession of a firearm by a prohibited person. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Charles Jackson was shot and killed in his car while selling drugs. Jackson's client, Tanya Hal-Henderson, initially told detectives that her son, appellant Anthony Virgil, was the perpetrator. Based on information provided by Hal-Henderson, detectives apprehended Virgil at an apartment. Notably, they found the murder weapon under a couch, two additional guns on the couch, and an assault rifle hidden behind a bed in a back bedroom. Virgil's DNA was on the two guns on the couch, and his fingerprint was on the assault rifle's magazine. Thereafter, while Virgil was being transported to a courtroom, he remarked to the men shackled next to him, one of whom was John Peck, that murder was easy to get away with, that the State could not prove anything if they had no witnesses, and that Virgil "was wearing a mask anyway."

20-18403

The State charged Virgil with murder with the use of a deadly weapon and with two counts of possession of a firearm by a prohibited person. A jury convicted him on all counts. On appeal, Virgil raises various allegations of error related to the admission of Hal-Henderson's statements, Peck's testimony, and alleged bad acts evidence.[1] For the reasons below, we affirm the judgments of conviction.[2]

Virgil argues the district court improperly admitted Hal-Henderson's uncorroborated deposition testimony at trial. In particular, Virgil contends NRS 174.175(3) prevented the State from obtaining Hal-Henderson's videotaped deposition, and that the videotaped deposition violated the Confrontation Clause. Virgil bases many of his arguments upon the threshold assumption that Hal-Henderson was an accomplice to the murder, but he fails to provide argument in support of that fundamental point, and we therefore need not address whether the district court erroneously determined that Hal-Henderson was not an accomplice.[3] *See*

---

[1]Virgil also argues the district court improperly denied his pretrial petition for a writ of habeas corpus, asserting insufficient evidence supported the indictment. Because the jury found Virgil guilty, we conclude probable cause existed. *See Lisle v. State*, 114 Nev. 221, 224-25, 954 P.2d 744, 746-47 (1998).

[2]In light of our decision, we further reject Virgil's contention of cumulative error. *See Pascua v. State*, 122 Nev. 1001, 1008 n.16, 145 P.3d 1031, 1035 n.16 (2006) (rejecting appellant's argument of cumulative error where the errors were insignificant).

[3]Nevertheless, we note the record supports the district court's conclusion, as no evidence demonstrated that Hal-Henderson worked with Virgil to lure Jackson to the murder scene or assisted Virgil before, during, or after the murder. *See Orfield v. State*, 105 Nev. 107, 109, 771 P.2d 148, 149 (1989) (stating that an accomplice must be more than merely present; they must be implicated in, cooperate with, or aid or abet the crime, and the

*Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) (noting we do not consider arguments that are not adequately briefed). We therefore conclude NRS 174.175(3) is inapplicable here, as it addresses accomplice testimony. Moreover, the record shows that Virgil had the opportunity to confront and cross-examine Hal-Henderson during her deposition, and that the jury viewed the videotape of that deposition, belying Virgil's Confrontation Clause arguments. *See Lipsitz v. State*, 135 Nev. 131, 136, 442 P.3d 138, 143 (2019) (explaining that "the Confrontation Clause reflects a *preference* for face-to-face confrontation at trial," but that "the right to a witness's physical presence at trial is not absolute" and that the preference may give way to "the necessities of the case" (internal quotations omitted)). Therefore, we conclude that the district court did not abuse its discretion by allowing for the admission of the deposition testimony.

Relatedly, Virgil contends the district court improperly instructed the jury that it could use Hal-Henderson's statements to detectives as substantive evidence and erroneously declined to give his alternative instruction. The given instruction was taken from *Crowley v. State*, 120 Nev. 30, 35, 83 P.3d 282, 286 (2004), and is a correct statement of law. *See Nay v. State*, 123 Nev. 326, 330, 167 P.3d 430, 433 (2007) (stating that we review de novo whether an instruction is an accurate statement of law). Furthermore, the instruction was proper here, where Hal-Henderson was deposed under oath, had the opportunity in her deposition to explain or deny her prior statements, and was subject to cross-examination regarding

_____

evidence must show a bad state of mind); *Lopez v. State*, 105 Nev. 68, 77, 769 P.2d 1276, 1282 (1989) (stating the defendant's assumption does not establish the witness is an accomplice, particularly where the State does not treat the witness as an accomplice).

those statements. *See* NRS 51.035(2)(a); NRS 50.135(2)(b); *see also Crowley*, 120 Nev. at 35; 83 P.3d at 286 (explaining what constitutes a prior inconsistent statement). Virgil's alternative instruction, in contrast, was contrary to existing Nevada law, and the district court did not abuse its discretion by declining to give it.[4] *See Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005) (reviewing the refusal to give a jury instruction for an abuse of discretion).

As to Peck's testimony, Virgil argues the district court erred by preventing him from cross-examining Peck regarding certain aspects of his criminal history, which Virgil wanted to use to show Peck had a motive to lie to the State about Virgil in order to curry favor in Peck's own case. We need not address Virgil's specific arguments regarding whether the district improperly limited Virgil's cross-examination of Peck, as the record demonstrates any error is harmless. *See* NRS 178.598 (we disregard harmless errors). The record demonstrates Virgil elicited testimony at trial showing Peck had a motive to help the State in order to curry favor in Peck's own case, and that defense counsel argued this inference extensively during closing arguments. We likewise conclude the district court did not abuse its discretion by refusing to give Virgil's proffered instruction regarding "an inducement in exchange for [Peck's] cooperation," as there is no evidence Peck negotiated for or received any inducement in exchange for his testimony. *See Crawford*, 121 Nev. at 748, 121 P.3d at 585; *but see Hoagland v. State*, 126 Nev. 381, 386, 240 P.3d 1043, 1047 (2010) ("It is well established that a defendant is entitled to a jury instruction on his theory

---

[4]We decline Virgil's invitation to revise Nevada law.

of the case, so long as there is evidence to support it, regardless of whether the evidence is weak, inconsistent, believable, or incredible.")

Finally, we consider Virgil's arguments regarding the alleged bad acts evidence, specifically the two guns bearing Virgil's DNA, the assault rifle magazine with Virgil's fingerprint, a photograph of Virgil's hands and watch, and a text message wherein Virgil mentioned a gun. We review the district court's decision for an abuse of discretion. *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). Relevant evidence is that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." NRS 48.015. Relevant evidence will nevertheless be inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues or of misleading the jury," NRS 48.035(1), or if it is a prior bad act used to prove criminal propensity, NRS 48.045(2).

We have carefully reviewed the record and conclude the district court did not abuse its discretion by admitting the evidence. Each piece of evidence was relevant and probative. The guns with Virgil's DNA and the gun magazine with Virgil's fingerprint,[5] helped link Virgil to the apartment with the murder weapon. The text message showed that Virgil had access to a gun shortly before the shooting. The photograph, which showed Virgil's tattoos and watch, helped link Virgil to a phone that was in the area when the crime occurred, as the phone held a photo of a hand with the same tattoo

---

[5]The court limited evidence of the assault rifle to the fingerprint on that magazine, and a picture showing only the portion of the magazine with the fingerprint. We are not persuaded by Virgil's arguments that this evidence communicated to the jury that the gun was an assault rifle.

and watch. We further agree the evidence was not overly prejudicial or inadmissible bad acts evidence under these facts. As to the guns and the text message mentioning a gun, we note that owning a gun is not, by itself, a crime, *see United States v. Barker*, 1 F.3d 957, 959 (9th Cir. 1993), *opinion amended on denial of reh'g*, 20 F.3d 365 (1994), and the jury here did not know Virgil was a felon during the murder phase of the trial such that his possession of a gun would be illegal. Virgil does not demonstrate how his tattoos established gang affiliation or necessarily would have prejudiced the jury against him. And even if any of the evidence was prejudicial, we conclude admission was harmless under these facts, as other evidence linked Virgil to the crime.[6] *See* NRS 178.598 (we disregard harmless errors).

Accordingly, we

ORDER the judgments of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

---

[6]We have considered Virgil's remaining arguments, and conclude they are without merit, or that Virgil fails to adequately support them. *See Maresca*, 103 Nev. at 673, 748 P.2d at 6.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Douglas W. Herndon, District Judge
David Schieck Law Office
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A