IN THE SUPREME COURT OF THE STATE OF NEVADA

JUSTIN EDMISTON, A/K/A JUSTIN
JAMES EDMINSTON, A/K/A JUSTIN
EDMISTEN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76814

FILED

SEP 1 8 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary, burglary while in possession of a deadly weapon, robbery, ownership or possession of a firearm by a prohibited person, and two counts of attempted robbery with the use of a deadly weapon.[1] Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

A jury convicted appellant Justin Edmiston of robbing a convenience store and attempting to rob another. Edmiston first argues that the State's fingerprint testing damaged a robbery note found at the first crime scene. He contends that it hindered his defense because handwriting analysis could have shown that he did not write the note.[2] We disagree, as Edmiston neither argues the State acted in bad faith nor shows

---

[1]Pursuant to NRAP 34(f)(1), we conclude that oral argument is not warranted.

[2]To the extent Edmiston contends he was unable to conduct an independent fingerprint analysis, we conclude this argument lacks merit. The State's analyst excluded Edmiston as the source of the identifiable fingerprints, and nothing prevented him from conducting independent testing of the unidentified fingerprint. Moreover, Edmiston has not shown that additional fingerprint testing would have affected the outcome of the trial.

20-34471

the absence of this potential evidence prejudiced him in light of the strong evidence of his guilt adduced at trial, including eyewitness testimony and surveillance video from both stores. *See Sparks v. State*, 104 Nev. 316, 319, 759 P.2d 180, 182 (1988) (holding that the loss or destruction of evidence warrants reversal only "if (1) the defendant is prejudiced by the loss or, (2) the evidence was 'lost' in bad faith by the government"); *Boggs v. State*, 95 Nev. 911, 913, 604 P.2d 107, 108 (1979) ("It is not sufficient that the showing disclose merely a hoped-for conclusion from examination of the destroyed evidence . . . [or] that examination of the evidence would be helpful in preparing [a] defense.").

Edmiston next argues that the district court erred by not giving a limiting instruction after a law enforcement officer testified regarding a "hit" in the SCOPE database because the jury could believe that being in the database suggested prior criminal activity. We review for plain error because Edmiston did not object to the officer's testimony and did not request a limiting instruction or object when the district court decided that one was not necessary, *see Martinorellan v. State*, 131 Nev. 43, 48, 343 P.3d 590, 593 (2015) (holding that this court reviews all unpreserved errors "for plain error without regard as to whether they are of constitutional dimension"), and disagree. The officer mentioned the SCOPE database once and made no other reference to Edmiston's criminal history. Having considered the passing comment in context, we conclude that the officer's testimony and the omission of a limiting instruction did not affect Edmiston's substantial rights. *See* NRS 178.602 (providing the plain error standard); *see also Martinorellan*, 131 Nev. at 49, 343 P.3d at 593 ("[R]eversal for plain error is only warranted if the error is readily apparent

and the appellant demonstrates that the error was prejudicial to his substantial rights."). Therefore, we discern no plain error. Accordingly, we ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. Kathleen E. Delaney, District Judge
       Pitaro & Fumo, Chtd.
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A